June 12, 2018

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

RE:   *State of New York, et al. v. United States Department of Commerce, et al.*, **18-CV-2921-JMF (S.D.N.Y.)**
*The New York Immigration Coalition, et al. v. United States Department of Commerce, et al.,* **18-CV-5025-JMF (S.D.N.Y.)**

Dear Judge Furman:

Pursuant to the Court's June 8, 2018 Order (18-CV-2921 ECF No. 172 and 18-CV-5025 ECF No. 17), the Parties in the above-captioned matters submit a joint letter addressing each of the topics specified in the Order:

**(1) Whether and to what extent the two cases should be consolidated (pursuant to Rule 42) or otherwise coordinated**.

Because these two cases meet the standard for consolidation under Rule 42(a), the Parties agree that at least partial coordination with regard to scheduling and discovery (if permitted) is appropriate. Both cases involve many common questions of law and fact, including (i) both cases name the same defendants and challenge the same course of conduct, (ii) the cases have considerable factual overlap, particularly because they challenge the same government action, and (iii) both cases assert violations of Article I of the United States Constitution and the Administrative Procedure Act. This is a sufficient basis to order consolidation, and thus coordination at this stage is appropriate. *See, e.g., Blackmoss Investments, Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("consolidation is appropriate where actions before the Court involve common questions of law or fact").

Coordination for at least some purposes will conserve substantial time and resources for the Court and the parties. *See Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990).

The parties in these matters take different positions regarding the extent of coordination or consolidation that should be ordered at this point, and set out our separate positions below.

1

<u>State of New York Plaintiffs' Position:</u> Plaintiffs in 18-CV-2921 do not oppose partial consolidation with 18-CV-5025 for discovery purposes, or for other purposes that do not require modifications to any existing deadlines for briefing or oral argument in 18-CV-2921. The Court has broad discretion to limit consolidation to particular issues, including discovery. *See* 8 Moore's Fed. Practice § 42.10[2][a] (3d ed. & Supp. 2018) (citing cases).

Plaintiffs in 18-CV-2921 oppose Defendants' proposal to adjourn by nearly four weeks the oral argument date for both the motion to dismiss and discovery issues in 18-CV-2921. Case 18-CV-2921 was filed more than two months ago (18-CV-2921, Docket No. 1); delaying this matter to accommodate Defendants' proposed briefing schedule as to a case that was initiated six days ago (18-CV-5025, Docket No. 1) would unreasonably prejudice the plaintiffs in the former case – who represent eighteen states, the District of Columbia, nine cities, four counties, and the U.S. Conference of Mayors. Plaintiffs in 18-CV-2921 are entitled to have their opposition to the Defendants' motion to dismiss – as well as Plaintiffs' forthcoming requests for discovery outside the administrative record – adjudicated without the nearly four-week delay that Defendants are proposing. *Compare Krentz v. Township of Bloomfield*, Civ. No. 10-927, 2010 WL 5479617, at *3 (D.N.J. Dec. 29, 2010) ("Consolidation would only act as a delay of the [first-filed case] proceedings, which would be inappropriate and against the purpose and intent of consolidation."), *and Farahmand v. Rumsfeld*, Civ. No. 02-1236, 2002 WL 31630709, at *2 (E.D. Pa. Nov. 20, 2002) ("A motion to consolidate may be denied if . . . it will cause delay in one of the cases."), *with Firemen's Ins. Co. v. Keating*, 753 F. Supp. 1137, 1141 (S.D.N.Y. 1990) (consolidating cases where the opposing party "made no showing that delay, confusion or prejudice would result from the requested consolidation").

In addition, adjourning the July 3 hearing date is inconsistent with the Court's guidance to the parties at the May 9 case conference in 18-CV-2921. At that conference, over a month ago, the Court directed Plaintiffs to be prepared to proceed promptly with expert discovery should the Court conclude that discovery would be permitted. Tr. of Initial Pretrial Conf. at 28:16-21 (May 9, 2018) (Docket No. 151) ("[T]o the extent that you need to identify experts, I mean, without intimating a view on whether or not I would authorize that sort of discovery, I would certainly think you should be in a position on July 3 to move forward expeditiously so that if I did authorize it, you had them identified and could proceed with all deliberate speed."). Although Plaintiffs of course recognize that the Court has not yet authorized expert discovery, our conversations with retained and prospective experts have reasonably been informed by the Court's observation that Plaintiffs should be ready to proceed promptly after July 3; delaying by nearly a month the Court's consideration of discovery issues would needlessly alter those preparations and prejudice the Plaintiffs. *See Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (in exercising its discretion under Rule 42(a), the Court should "weigh[] the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause").

Plaintiffs in 18-CV-2921 do not oppose the NYIC Plaintiffs' proposal (below) that they join the existing briefing deadline and oral argument on discovery issues, subject to the position that the existing deadline and argument date should not be changed.

The New York Immigration Coalition ("NYIC") Plaintiffs' Position: The NYIC Plaintiffs agree that the cases should be consolidated for purposes of case management with respect to scheduling and discovery (if permitted), and further request that the Court defer decision on formal consolidation for all other purposes, such as further dispositive briefing and trial, until a later date.

Consistent with the above, NYIC Plaintiffs respectfully request leave to submit a five-page single-spaced letter brief on June 26, 2018, concerning whether and to what extent the Court should permit discovery in these matters outside of the administrative record, and to participate in the July 3, 2018 hearing concerning the propriety and extent of discovery. *See State of New York, et al, v. U.S. Dep't of Commerce*, 18-CV-2921, ECF No. 137. NYIC Plaintiffs have conferred with the parties in the State of New York litigation, who do not oppose this request. As discussed more fully below, Defendants consent to NYIC Plaintiffs' discovery-related submission on June 26, 2018, but would respectfully request that the Court continue the July 3, 2018 hearing until July 27, 2018 (or thereabouts) in an effort to reach resolution in both cases as expeditiously as possible.

Defendants' Position: In the interests of conserving the Court's resources and avoiding duplicative proceedings, Defendants believe that these cases should be consolidated as soon as possible for all matters, including oral argument on the motions to dismiss and discovery, which would resolve both cases efficiently and expeditiously. As detailed below, Defendants propose to submit a motion to dismiss on an expedited basis (more than 30 days before the deadline to answer in the *New York Immigration Coalition* case), so that overlapping issues in both cases can be argued at one oral argument. Not only would this schedule avoid substantially similar hearings on both motions to dismiss, but, if the Court were to order discovery in these matters—although Defendants believe it should not—all discovery would be fully coordinated across both cases, avoiding possible discovery-related disputes related to the scope of consolidated discovery prior to resolution of Defendants' motion in the *New York Immigration Coalition* case. For these reasons, Defendants believe that the schedule proposed below would best conserve judicial resources and promote an expeditious resolution of these matters, outweighing any brief adjustment to the timing of the July 3, 2018 hearing.

**(2) Whether Defendants anticipate filing any motions in 18-CV-5025 and, if so, a proposed schedule for such motions (mindful of the schedule in 18-CV-2921).**

Defendants' Position: As in the State of New York case, Defendants intend to file a motion to dismiss arguing that the *New York Immigration Coalition* case should be dismissed. *See State of New York, et al, v. U.S. Dep't of Commerce*, 18-CV-2921, ECF Nos. 154-55. In addition to the arguments raised the *State of New York* case, Defendants anticipate raising distinct standing arguments, as well as an argument with respect to the Fifth Amendment claim. With the chief goals of efficiency and finality in mind, Defendants propose the following schedule:

- As noted above, NYIC Plaintiffs would submit a five-page single-spaced letter brief on June 26, 2018 concerning whether and to what extent the Court should permit discovery in these matters outside of the administrative record.
- Defendants would submit their motion to dismiss in the New York Immigration Coalition case on July 3, 2018.
- NYIC Plaintiffs would submit their opposition to Defendants' motion on July 13, 2018.
- Defendants would submit a reply on July 20, 2018.
- The July 3, 2018 hearing would be continued to July 27, 2018—depending on the Court's availability—and would encompass the substantive arguments on Defendants' motions to dismiss in both cases as well as any discovery-related arguments.

If the Court agrees with this proposed schedule, Defendants' motion to dismiss in the *New York Immigration Coalition* case will be fully briefed and argued before an answer would even be due under Federal Rule of Civil Procedure 12(a)(2).

State of New York et al Plaintiffs' Position:   Plaintiffs in 18-CV-2921 oppose any continuance of the July 3 oral argument date (for either the motion to dismiss or the availability of discovery outside the administrative record).  That argument date was set on May 9 at a conference before this Court after discussion with the parties (Docket No. 137), and adjourning that date is inconsistent with the position all parties in 18-CV-2921 have taken that this matter should be expedited.  *See* Joint Letter of May 3, 2018, at 3-4 (Docket No. 103).

Plaintiffs in 18-CV-2921 take no position on Defendants' proposed briefing schedule for their anticipated motion to dismiss in 18-CV-5025, except to note that it should have no bearing on the existing schedule in 18-CV-2921.

NYIC Plaintiffs' Position:  With regard to discovery issues, the NYIC Plaintiffs believe the July 3 hearing should proceed as scheduled for the Court to hear argument on any discovery-related arguments.  Given that time is of the essence, if the Court determines discovery is permitted, discovery should commence immediately while motions to dismiss are pending.

With regard to motions to dismiss, the NYIC Plaintiffs believe the Court should proceed to hear the Government's motion to dismiss the State of New York case as scheduled on July 3.  With regard to the Government's anticipated motion concerning the NYIC Plaintiffs, the NYIC Plaintiffs are prepared to argue the anticipated motion to dismiss on July 27 or anytime earlier than that, including on July 3.

If the Court prefers to consolidate arguments on the motion to dismiss on July 3 and/or to otherwise accelerate the schedule, NYIC Plaintiffs are agreeable to such acceleration.  In this regard, the NYIC Plaintiffs note that Defendants have already filed two substantially similar motions to dismiss (in the State of New York case and the Kravitz case pending in the District of Maryland) and are scheduled to file their briefs in the two California cases on June 18.  If the Court prefers to accelerate the schedule to facilitate consolidation of

arguments, the NYIC Plaintiffs request seven (7) business days from DOJ's email service of the motion to file an opposition -- consistent with the amount of time DOJ has proposed in its schedule.

**(3)  Whether (and, if so, when) the Court should hold a conference to discuss those issues or any others**.

State of New York Plaintiffs' Position: In light of the difference of opinion among the parties, Plaintiffs in 18-CV-2921 request that the Court hold an in person status conference at its earliest convenience, including tomorrow, June 13, to address these issues.

NYIC Plaintiffs' Position:  The NYIC Plaintiffs agree with the State of New York Plaintiffs that the Court should hold an in-person status conference at its earliest convenience to set a schedule in this matter.

Defendants' Position: Defendants have no objection to a status conference, but request that it be scheduled with enough notice to allow attorneys from Washington, DC handling this matter to travel to New York for an in-person appearance.  Alternatively, Defendants request that all parties appear telephonically.

Dated: June 12, 2018       Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
   *Executive Deputy Attorney General*
Lourdes M. Rosado (LR-8143), *Bureau Chief*
Elena Goldstein (EG-8586), *Senior Trial Counsel*
Ajay Saini (AS-7014), *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov


Attorneys for Plaintiffs in 18-CV-2921

/s/ Dale Ho
Dale Ho
David Hausman*
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org
dhausman@aclu.org

Sarah Brannon* **
Davin Rosborough**
Ceridwen Cherry*
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
drosborough@aclu.org
ccherry@aclu.org

Arthur N. Eisenberg
Christopher T. Dunn
Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300
aeisenberg@nyclu.org
cdunn@nyclu.org
pgrossman@nyclu.org

Samer E. Khalaf*
American-Arab Anti-Discrimination Committee
1705 DeSales Street, N.W., Suite 500
Washington, DC 20036
202-244-2990
skhalaf@adc.org

Nicholas Katz*
CASA de Maryland
8151 15th Avenue
Hyattsville, MD 20783
(240) 491-5743
nkatz@wearecasa.org
* designates *pro hac vice* application forthcoming.

/s/ Andrew Bauer
Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

/s/ John A. Freedman
John A. Freedman
David P. Gersch*
Peter T. Grossi, Jr*
R. Stanton Jones*
Eric A. Rubel*
David J. Weiner*
Robert N. Weiner*
Barbara H. Wootton*
Daniel Jacobson*
Elisabeth S. Theodore*
Caroline D. Kelly*
Christine G. Lao-Scott*
Jay Z. Leff*
Chase R. Raines*
Dylan S. Young*
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

*Attorneys for NYIC Plaintiffs*

\*\* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

- and -

| | |
|---|---|
| GEOFFREY S. BERMAN<br>United States Attorney for the Southern District of New York<br>Chambers Street, 3rd Floor<br>New York, NY 10007 | CHAD A. READLER<br>Acting Assistant Attorney General<br><br>BRETT A. SHUMATE<br>Deputy Assistant Attorney General<br><br>JOHN R. GRIFFITHS<br>Director, Federal Programs Branch<br><br>CARLOTTA P. WELLS<br>Assistant Branch Director<br><br>/s/ Stephen Ehrlich<br><br>KATE BAILEY<br>STEPHEN EHRLICH<br>CAROL FEDERIGHI<br>Trial Attorneys<br>United States Department of Justice Civil Division, Federal Programs Branch 20 Massachusetts Ave., N.W. Washington, DC 20530<br>Tel: 202-514-9239<br>Fax:202-616-8470<br><br>*Attorneys for Defendants* |

cc: Counsel for all parties in *State of New York, et al. v. United States Department of Commerce, et al.* (by ECF)