# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

NEW YORK IMMIGRATION
COALITION, *et. al*,

Civil Action No. 1:18-cv-05025-JMF

Hon. Jesse M. Furman

                    Plaintiff,

                    v.

UNITED STATES DEPARTMENT OF
COMMERCE, *et. al*,

                    Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT

In his testimony to Congress before Plaintiffs filed this action, Defendant Secretary of Commerce Wilbur Ross attested that he began considering adding a citizenship question to the decennial census "solely" due to the Department of Justice's ("DOJ") request for this data to enforce Section 2 of the Voting Rights Act ("VRA") and that the "Department of Justice, as you know, initiated the request for inclusion of the citizenship question." This testimony was false. Documents produced over the past month reveal that Secretary Ross and other senior Trump administration officials initiated the effort to add a citizenship question for improper and discriminatory motives unrelated to—and quite contrary to the goals of—the VRA. Rather than seeking this information for purposes of VRA enforcement, senior officials at DOJ helped Secretary Ross concoct a purportedly legally defensible rationale for adding this question while hiding that the request originated with Secretary Ross and not from DOJ's Civil Rights Division.

Given these new revelations, Plaintiffs seek leave to add as Defendants in this action the Department of Justice ("DOJ") and two of its officials who facilitated this deception: Attorney

General Jefferson Beauregard Sessions III and Acting Assistant Attorney General John M. Gore. Doing so will promote the interests of justice by ensuring that Plaintiffs are able to fully uncover the motives for adding this citizenship question and the improper attempt to conceal those motives and that all of the officials who participated in this deception are held accountable. Plaintiffs have acted expeditiously in seeking to amend after uncovering these revelations in discovery. Further, adding these new defendants will not delay any of the deadlines set by the Court or result in any undue prejudice to the existing Defendants. The claims asserted against these parties are the same as the current Defendants, the Court has already authorized discovery against DOJ, defense counsel also represents the Department of Justice and Mr. Gore in conjunction with these proceedings, and Defendants and the Department of Justice have been on notice for several weeks that Plaintiffs were prepared to add these parties. After meeting and conferring, on July 30, Defendants advised that they would not consent to this amendment.

 Plaintiffs also seek to add two new plaintiffs: the Family Action Network Movement, Inc. ("FANM") and the Florida Immigrant Coalition ("FLIC"). Both of these organizations serve immigrant communities that are particularly vulnerable to the effects of a differential undercount as a result of the citizenship question in a state that will be hard hit by the addition of the citizenship question. Given the stakes for Florida residents, adding these new plaintiffs will serve the interests of justice and will not prejudice Defendants or delay the progression of this action.

Rule 15 provides for liberal leave to amend, and none of the circumstances that would prevent amendment such as undue prejudice or excessive delay are present here. The Court should grant Plaintiffs' motion to amend.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The "liberality in granting leave to amend applies to requests to amend a complaint to add new parties." *Brown v. Kelly*, 244 F.R.D. 222, 227 (S.D.N.Y. 2007), *aff'd in part, vacated in part on other grounds*, 609 F.3d 467 (2d Cir. 2010). In interpreting Rule 15(a), the Second Circuit has explained that "district courts should not deny leave unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see also Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) ("The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). Because it will promote the interests of justice and given the lack of undue prejudice to the current defendants of adding these new parties and related allegations, allowing amendment of the complaint is entirely in keeping with the liberal amendment policies of the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

## I.     Allowing amendment will serve the interests of justice by allowing Plaintiffs to pursue relief based on new facts learned in discovery.

As this Court has explained, there is a well-established "presumption in favor of granting leave" to amend under Rule 15(a). *See Sigmund v. Martinez*, No. 06 CIV. 1043 RWS MHD, 2006 WL 2016263, at *1 (S.D.N.Y. July 13, 2006) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also In re United Brands Co. Sec. Litig.*, No. 85 CIV. 5445 (JFK), 1990 WL 16164, at *2 (S.D.N.Y. Feb. 15, 1990) ("[T]he Court begins with the presumption that the motion should be granted unless good reason exists to deny it."). Given the presumption that granting leave favors the interests of justice, "it is rare that such leave should be denied, especially when there

has been no prior amendment." *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The interests of justice particularly favor granting leave in cases where plaintiffs seek to amend a complaint based on new and pertinent information gleaned during discovery.

For example, in *Friedl*, the Second Circuit reversed the district court's denial of the plaintiff's motion to amend the complaint to drop one defendant, "identify some current defendants by name," and include an additional defendant. 210 F.3d at 87–88. It noted that the amendment was "based on information acquired during depositions and other discovery" and defendants had made "no showing of either undue delay, given that the amendment was proposed only after discovery revealed additional relevant facts, or prejudice to the defendants, given the minimal extent of the proposed changes." *Id.* Given these facts, the court instructed the district court to allow amendment on remand. *Id.* at 88.

Courts in this District have repeatedly followed this same principle, granting leave to amend where the movant has uncovered new evidence through discovery and acted on that information without undue delay. For instance, in *S.E.C. v. DCI Telecommunications, Inc.*, 207 F.R.D. 32, 33–34 (S.D.N.Y. 2002), the court granted the plaintiffs' motion to amend to add new facts learned approximately three months prior in discovery. Even when plaintiffs learn new information many months or even years into a proceeding, this Court has allowed amendment based on new evidence uncovered during discovery. *See, e.g.*, *Soroof Trading Dev. Co. v. GE Microgen, Inc.*, 283 F.R.D. 142, 149 (S.D.N.Y. 2012) (allowing amendment one year and seven months after initial deadline for amendment where amendment was based on new facts learned during discovery and plaintiff added no new claims for relief); *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00CIV2800LMM, 2006 WL 3833440, at *4 (S.D.N.Y. Dec. 29, 2006) (allowing amendment of complaint two-and-a-half years after the previous complaint to add new

claims because "the basis for Plaintiffs' Proposed Amendments was formed, at least in part, during . . . discovery").

Like all of these cases, Plaintiffs seek leave to amend based on material new information learned during discovery and do so with more haste and less time into the case than many other cases in which the court has granted leave. *See, e.g.*, *DCI Telecommunications*, 207 F.R.D. at 33–34; *Soroof Trading Dev. Co.*, 283 F.R.D. at 149; *Am. Med. Ass'n*, 2006 WL 3833440, at *4. As the proposed amended complaint details, discovery has revealed that Secretary Ross' decision to add the citizenship question was not motivated by DOJ's December 2017 request to aid in its VRA enforcement—contrary to his testimony before Congress and the justifications laid out in his March 26, 2018 memo. (*See* Prop. Am. Compl. ¶¶ 8, 245–53.) Instead, discovery shows that Secretary Ross had decided to add a citizenship question at least as early as May 2017 to aid efforts to dilute the political power of immigrant communities of color. (*Id.*) Secretary Ross and his aides then solicited and worked with DOJ officials—including proposed Defendants Gore and Sessions—to develop a pretext for the decision. (*Id.*) Given these new revelations, allowing amendment to add these new defendants will ensure that the proper parties are before the Court and Plaintiffs are able to learn the full scope of the decisionmaking process at the heart of this case.

Most importantly, it is now apparent that DOJ officials played a direct and significant role in conspiring with Secretary Ross to develop a pretext in an attempt to insulate the citizenship question from legal scrutiny, all while falsely implying that DOJ was initiating the request as necessary for VRA enforcement. Materials from Department of Commerce files reveal that there was a direct communication between Defendant Ross and Attorney General Sessions three months prior to the DOJ's request (AR 2636), following which a senior Session aide wrote

to Ross' Chief of Staff that "we can do whatever you need us to do . . . The AG is eager to

assist." AR 2637.

While the Department of Commerce's recent interrogatory responses identify four other

senior aides to Attorney General Sessions who facilitated the request, Mr. Gore was the lead

DOJ contact with Commerce prior to the DOJ's submission of the request, and ghostwrote the

request that was submitted by a career DOJ employee. Discovery has thus far revealed that VRA

enforcement was irrelevant to DOJ's goals, and it instead requested the question only in

furtherance of Secretary Ross' discriminatory aims. Notably, following the submission of the

request, the Department of Justice refused to meet with Census Bureau personnel to discuss or

explain the request. AR 3460. Given these revelations of the central role DOJ, Gore, and

Sessions played in promoting this question while concealing its true motives, the interests of

justice are best served by making them parties to this litigation.

Additionally, although the Court has already authorized discovery against DOJ,

Defendants have continued to fight attempts to obtain critical relevant information from the key

actors at DOJ. Adding these new defendants will help ensure that Plaintiffs can take the proper

discovery to cement its evidence about discriminatory animus and improper decisionmaking.

Finally, allowing Plaintiffs to amend the complaint to add two new plaintiff

organizations,[1] FANM and FLIC, will also serve the interests of justice by allowing the Court to

consider the impact of the citizenship question on one of the most diverse states in the country.

Other than through some individual members of current plaintiff American-Arab Anti-

Discrimination Committee, neither this action nor the one brought by the New York Attorney

General has plaintiffs based in Florida. Given the importance of this issue to Florida residents—

---

[1] Plaintiffs' proposed amended complaint also updates information about the existing Plaintiffs using primarily information from the declarations filed along with Plaintiffs' opposition to the motion to dismiss. (*See* Dkt. Nos. 49-1–49-4.)

particularly the immigrant communities of color these organizations serve—amendment to add
FANM and FLIC serves the interests of justice.

## II.     Allowing amendment will not unduly prejudice Defendants.

Although a court may deny leave to amend if the defendant can make a sufficient
showing of prejudice, "prejudice alone is insufficient to justify a denial of leave to amend; rather,
the necessary showing is *"undue* prejudice to the opposing party.'" *A.V. by Versace, Inc. v.
Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman,* 371 U.S. at
182 (emphasis added in *A.V. by Versace*)). When considering whether the defendant has met that
burden, the court considers whether the amendment would: "(i) require the opponent to expend
significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay
the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another
jurisdiction." *Block*, 988 F.2d at 350. Mere "[a]llegations that an amendment will require the
expenditure of additional time, effort, or money do not constitute 'undue prejudice.'" *A.V. by
Versace,* 87 F. Supp. 2d at 299. Similarly, the opposing party's "burden of undertaking
discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading."
*U.S. for & on Behalf of Mar. Admin. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 889 F.2d
1248, 1255 (2d Cir. 1989). Here, Defendants cannot show undue prejudice because they meet
none of the relevant factors.

First, given that the Court has already authorized discovery against DOJ and granted
Plaintiffs' motion to compel Mr. Gore's testimony, adding DOJ as a party along with Attorney
General Sessions and Acting Assistant Attorney General Gore will not result in any significantly
increased burden. This is especially true given that the claims against the new defendants are the
same as the existing ones and arise out of the same series of events. Similarly, the two new
plaintiff organizations are not making any new arguments or claims, and any additional

discovery Defendants choose to conduct regarding them will require only a marginal effort on their part.

Second, Plaintiffs see no reason that amendment of the complaint would delay resolution of this dispute. In seeking amendment, Plaintiffs are not requesting any delay of deadlines ordered by the Court—nor should any delay be necessary. Assuming Defendants do not continue to obstruct the type of discovery already allowed by the Court, Plaintiffs can conduct the necessary discovery in advance of the current discovery deadline.

Therefore, because Defendants cannot make the significant showing of undue burden required, the Court should reject any such argument against allowing amendment.

## CONCLUSION

Because allowing amendment of the complaint based largely on new information learned during discovery serves the interests of justice and will not result in any undue prejudice to Defendants or delay to the proceedings, Plaintiffs' respectfully request that the Court grant them leave to amend.

Dated: August 22, 2018

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: /s/ Davin Rosborough _____

Dale Ho
David Hausman+
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

dho@aclu.org
dhausman@aclu.org

Sarah Brannon+ **
Davin Rosborough**
Ceridwen Cherry+
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
drosborough@aclu.org
ccherry@aclu.org

Arthur N. Eisenberg
Christopher T. Dunn
Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
aeisenberg@nyclu.org
cdunn@nyclu.org
pgrossman@nyclu.org

Samer E. Khalaf*
American-Arab Anti-Discrimination Committee
1705 DeSales Street, N.W., Suite 500
Washington, DC 20036
202-244-2990
skhalaf@adc.org

Nicholas Katz*
CASA de Maryland
8151 15th Avenue
Hyattsville, MD 20783
(240) 491-5743
nkatz@wearecasa.org

John A. Freedman
David P. Gersch+
Peter T. Grossi, Jr*
R. Stanton Jones*
Eric A. Rubel*
David J. Weiner*
Robert N. Weiner*
Barbara H. Wootton*
Elisabeth S. Theodore*
Daniel F. Jacobson+
Caroline D. Kelly+
Christine G. Lao-Scott*
Jay Z. Leff+
Chase R. Raines+
Dylan S. Young+
Arnold & Porter Kaye Scholer LLP
Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Nancy G. Abudu*
ACLU Foundation of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
786-363-2707
nabudu@aclufl.org
NY Bar No. 3048709

+ designates admitted pro hac vice
* designates pro hac vice application forthcoming.
** Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on August 22, 2018, the foregoing was electronically filed with the Court's CM/ECF Filing System, which will send a Notice of Electronic Filing to all parties of record who are registered with CM/ECF.

By: /s/ Davin Rosborough