August 29, 2018

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

      Re: *New York Immigration Coalition v. U.S. Dep't of Commerce*, No. 18-cv-5025 (JMF)

Dear Judge Furman:

      The NYIC Plaintiffs submit this opposition to Defendants' motion (ECF No. 101) to compel Plaintiffs to disclose the identity of their individual members who are non-parties to this litigation for purposes of effectuating Rule 45 discovery. The Court should deny the motion. It is procedurally improper because Defendants did not raise the purported deficiencies regarding Plaintiffs' initial disclosures during the meet and confer process and the proposed Rule 45 discovery is outside the limited scope of third-party discovery permitted under the July 3 order. Moreover, the requested discovery is irrelevant, is not supported by any compelling governmental interest, and instead seeks to harass the Plaintiffs' members and infringe their associational rights under the First Amendment.

      1. *Procedural Background*: On May 9, this Court ordered the parties to submit a letter by June 26 setting forth "whether and to what extent the Court should permit discovery outside of the administrative record." ECF No. 137 (No. 18-cv-02921). But Defendants' June 26 letter did not indicate they would seek any discovery; rather, they took the position that there should be no discovery beyond the Administrative Record. ECF No. 30. On July 3, this Court declined Plaintiffs' requests to conduct third-party discovery except as to materials from the Department of Justice. *See* 7/3 Tr. 86. Similarly, in its July 24 initial disclosures Defendants advised "there are no fact witnesses Defendants intend to use to support their claims or defenses." Ex. 1. In contrast, Plaintiffs' initial disclosures identified approximately 100 witnesses. Ex. 2. This included Plaintiffs' directors, but not individual members.

      On August 13, Defendants abruptly changed course. Defendants advised that they intended to issue Rule 45 subpoenas to ten third-party individual members of three of the *NYIC* Plaintiffs and asked Plaintiffs' counsel whether they were authorized to accept service. Ex. 3. Defendants requested Plaintiffs identify six individuals referenced in two July 9 declarations submitted in opposition to Defendants' motion to dismiss. ECF Nos. 49-1&2. In response, on August 17, Plaintiffs advised that these requests were procedurally improper, that the Defendants should seek leave to request permission to engage in third-party discovery, and that Defendants had failed to explain what relevance the request had or why it was anything other than an inappropriate effort to harass or inconvenience these individuals. Ex. 4. Defendants have never suggested in any of their communications or during the August 21 meet and confer that there was any deficiency in Plaintiffs' initial disclosures or that they intended to amend their own initial disclosures.

US:163273479v5

2. *Defendants Have Failed to State a Compelling Interest to Compel Disclosure of Plaintiffs' Members or Any Basis to Conduct Non-Party Discovery of Plaintiffs' Members*: Defendants' demand that Plaintiffs reveal the identities of their members should be rejected for a simple reason—it tramples their First Amendment right of association. *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (citing *Buckley v. American Constitutional Law Foundation, Inc.*, 525 U.S. 182, 199–200 (1999)). Plaintiffs' members are entitled to anonymity and Plaintiffs themselves have standing to protect the rights of their members when Government snooping into their identities threatens to chill freedom of association or advocacy. *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462–63 (1958). That is precisely the case here. Defendant's request threatens to reveal the identity of individuals who may have varied immigration status or live in households or communities of mixed immigration status. In the current atmosphere of immigration enforcement and anti-immigrant rhetoric (as detailed in the Complaint), disclosure of member identities would create a substantial risk that individuals will face harassment and retaliation that the organizations will be chilled from participating in advocacy efforts.

Defendants' contention that disclosure is needed to assess Plaintiffs' standing is not a compelling interest "sufficient to justify the deterrent effect." *NAACP*, 357 U.S. at 463. As this Court has noted, to proceed, only one plaintiff must satisfy the elements of standing, and they need only satisfy the elements of standing on one basis. ECF No. 70 at 16–17 (citing *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017)). Where the Plaintiffs are organizations, they may establish standing either by alleging injury to itself, or as a representative of its members. *See Nat. Resources Def. Council, Inc. v. Mineta*, No. 04-civ-5380 (VM) (RLE), 2005 WL 1075355, *2 (S.D.N.Y. May 3, 2005) (citing *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 378–79 (1982)). Here, all of the Plaintiffs have alleged *Havens* standing, either as direct recipients of federal grants that are affected by census data, ECF No. 99-1 ¶¶ 19-20 (NYIC), 47 (CASA), 96 (MTNRY), or because their increased census-related expenditures are traceable to the Defendants' decision to include a citizenship question. *Id.* ¶¶ 26–28, 52–54, 74–75, 93–95, 105. The loss of federal funding to any individual organization itself is sufficient to confer standing.

With regard to associational standing, this Court has previously declined to compel depositions of an organization's non-party members—even where, unlike here, the non-parties themselves had submitted declarations—because "any potential benefits that could develop from taking the members' depositions are outweighed by the unreasonable burden that would be placed on plaintiffs." *Mineta*, 2005 WL 1075355, at *4–*5. Indeed, the Supreme Court and the Second Circuit have repeatedly held that declarations about how an organization's members will be injured are sufficient to confer standing for the purposes of surviving summary judgment. *See e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (finding an affidavit by Plaintiff organization regarding the risks of the relevant chemical to be sufficient to establish standing); *Nat. Resources Def. Council, Inc. v. F.A.A.*, 564 F.3d 549, 555 (2d Cir. 2009) (finding affidavits submitted by members to be sufficient to establish standing); *Nat. Resources Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79, 84 (2d Cir. 2013) (explaining that specific facts, set forth by affidavit or other evidence, are sufficient to defend standing at summary judgment).

Here, depositions of Plaintiffs' individual members are not necessary, much less a compelling interest, especially where the Plaintiffs' leaders submitted the declarations at issue,

not the individual members. Any information relevant to associational standing—namely, verification of membership and where the organizational members live—can be sought from Plaintiffs' themselves, a step Defendants have not taken before targeting individual, non-party members whose only involvement in this case is that they were referenced in organizational declarations.

      3. *Defendants Rule 26 Arguments Are Without Merit*: The cases cited by the Defendants do not address the constitutional limitations on compelling such disclosure, and contemplate a situation in which Plaintiffs have affirmatively listed individuals in the 26(a)(1) initial disclosures and refused to provide contact information. *See Azkour v. Haouzi*, No. 11-cv-5780, 2014 WL 4467897, at *9 (S.D.N.Y. Sept. 9, 2014); *Hartman v. Am. Red Cross*, No. 09-cv-1302, 2010 WL 1882002, at *1 (C.D. Ill. May 11, 2010).  In this case, Plaintiffs do not intend to use these individual members as a source of evidence to support their claims.  Rather, any relevant information—the status of members and geographic location of their residences—can be provided by the organizational representatives identified in Plaintiffs' initial disclosures. Defendants have failed to explain why that is not enough.  Moreover, preventing deposition of these members does not "make[] it virtually impossible to discover the facts on which jurisdiction and standing turn, and thus put[] the [defendant]-petitioners in a cul-de-sac which the Federal Rules never contemplated," because Plaintiffs have standing on independent grounds. Def. Motion to Compel at 3 (quoting *Inv. Properties Int'l, Ltd. v. IOS, Ltd.*, 459 F.2d 705, 707 (2d Cir. 1972)).

      4. *The Requested Discovery is Inappropriate Under Rule 26*: Rule 26(a) limits discovery to non-privileged relevant material that is "proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).  The discovery rules also authorize the Court to protect persons from undue discovery requests on the basis of "good cause." Fed. R. Civ. P. 26(c).  Good cause requires a showing that a "clearly defined and serious injury" would result from discovery. *See Allen v. City of New York*, 420 F. Supp. 2d 295, 302 (S.D.N.Y. 2006).  Defendants' proposed discovery and contemplated depositions are not necessary to assess standing, given the fact that standing is already independently established.  Weighing against this null benefit is the substantial material burden of being deposed and the deterrent to First Amendment rights discussed above. Therefore, Defendants' request is not "proportional to the needs of the case" given that "the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(a). Instead, the non-party members should be protected from the "annoyance, embarrassment, oppression, [and] undue burden [and] expense" of having their identifies disclosed and the being deposed, based on the clearly defined and serious injury established by *NAACP*, 357 U.S. at 463 (1958).

## CONCLUSION

      Plaintiffs request that the court deny the Defendant's demand, or, in the alternative, issue a protective order to preserve the constitutionally-protected anonymity Plaintiffs' members. Plaintiffs thank the Court for its attention to this matter.

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By: /s/ John A. Freedman

Dale Ho
David Hausman+
American Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 549-2693
dho@aclu.org
dhausman@aclu.org

Sarah Brannon+ **
Davin Rosborough**
Ceridwen Cherry+
American Civil Liberties Union Foundation
915 15th Street, NW
Washington, DC 20005-2313
202-675-2337
sbrannon@aclu.org
drosborough@aclu.org
ccherry@aclu.org

Arthur N. Eisenberg
Christopher T. Dunn
Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
aeisenberg@nyclu.org
cdunn@nyclu.org
pgrossman@nyclu.org

Samer E. Khalaf*
American-Arab Anti-Discrimination Committee
1705 DeSales Street, N.W., Suite 500
Washington, DC 20036
202-244-2990
skhalaf@adc.org

Nicholas Katz*
CASA de Maryland
8151 15th Avenue
Hyattsville, MD 20783

Andrew Bauer
Arnold & Porter Kaye Scholer LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-7669
Andrew.Bauer@arnoldporter.com

John A. Freedman
David P. Gersch+
Peter T. Grossi, Jr*
R. Stanton Jones*
Eric A. Rubel*
David J. Weiner*
Robert N. Weiner*
Barbara H. Wootton*
Elisabeth S. Theodore*
Daniel F. Jacobson+
Caroline D. Kelly+
Christine G. Lao-Scott*
Jay Z. Leff+
Chase R. Raines+
Dylan S. Young+
Arnold & Porter Kaye Scholer LLP
Massachusetts Avenue, N.W.
Washington, DC 20001-3743
(202) 942-5000
John.Freedman@arnoldporter.com

Nancy G. Abudu*
ACLU Foundation of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
786-363-2707
nabudu@aclufl.org
NY Bar No. 3048709

US:163273479v5

(240) 491-5743
nkatz@wearecasa.org

+ designates admitted pro hac vice
* designates pro hac vice application forthcoming.
** Not admitted in District of Columbia; practice limited per D.C. App. R. 49(c)(3).

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 29, 2018, the foregoing was electronically filed with the Court's CM/ECF Filing System, which will send a Notice of Electronic Filing to all parties of record who are registered with CM/ECF.

By: <u>/s/ John A. Freedman</u>