August 30, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

     RE:    Plaintiffs' letter motion for leave to conduct discovery and depose non-party Kris Kobach in *New York Immigration Coalition, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-5025 (JMF), and *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF).

Dear Judge Furman,

     Plaintiffs write to seek leave to conduct limited document discovery and a deposition of non-party Kris Kobach, as contemplated by Local Civil Rule 37.2 and Rule 2(C) of this Court's Individual Rules and Practices. Defendants do not consent to Plaintiffs' request.

     In the initial order regarding discovery, the Court initially limited third-party discovery to the Department of Justice based on the premise that, "to the extent that third parties may have influenced Secretary Ross's decision, one would assume that influence would be evidenced in Commerce Department materials and witnesses themselves." July 3, 2018 Hearing Tr. at 86.[1] The Court invited Plaintiffs to show "with specificity . . . why additional depositions would be needed" at a later time. *Id.* at 90. Plaintiffs have reached that moment with Mr. Kobach.

     The Administrative Record reflects that Mr. Kobach was a leading, early proponent of adding the citizenship question and lobbied Secretary Ross in 2017 after a previous conversation with Steve Bannon. AR 763–64, 2561.[2] The language in these communications is consistent with the conclusion that this question was motivated by impermissible reasons (including improper political influence and discriminatory animus against immigrant communities of color) and that the later-articulated rationale for the question is pretext.

     The record indicates that Secretary Ross spoke to Mr. Kobach about the citizenship question in both April 2017 and July 2017. AR 763-64, 2561. The individual at Commerce who facilitated the July conversation was Secretary Ross's Chief of Staff, Wendy Teramoto. The record reflects Ms. Teramoto—without the participation of any other officials from the Department of Commerce—had at least one email exchange and one direct conversation with Mr. Kobach, also in July 2017. AR 763-64. At her deposition, however, Ms. Teramoto testified she had no recollection about these interactions, and she expressly disclaimed knowing who Mr. Kobach is, despite being confronted with emails between her and Mr. Kobach. (Teramoto Dep. at 39:4–45:17.)[3] The only other person who possesses information about these interactions is Mr. Kobach himself, and obtaining his testimony and documents is necessary to understand why Secretary Ross decided to add a citizenship question.

---

[1] Excerpts of the July 3, 2018 hearing transcript are attached as Exhibit A.
[2] Attached as Ex. B.
[3] Excerpts of the Aug. 24, 2018 Wendy Teramoto Deposition Transcript are attached as Exhibit C.

1

1. *Targeted Extra-record Discovery is Appropriate When Connected to the Decisionmaker's Bad Faith or as Necessary to Explain Agency Action.* Under Rule 26(b)(1), a party may take discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This Court has already explained (and allowed in limited fashion) that in a challenge to agency action, where—as here[4]—the party seeking discovery has made a prima facie showing of bad faith, extra-record discovery targeted to the intention of the decision-maker is appropriate. *See, e.g., Nat'l Audubon Society v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997); *Tummino v. von Eschenbach*, 427 F. Supp. 2d 212, 233 (E.D.N.Y. 2006). The same is true where the discovery is "necessary to explain agency action." *Pub. Power Council v. Johnson*, 674 F.2d 791, 794 (9th Cir. 1982); *see also Exxon Corp. v. Dept. of Energy*, 91 F.R.D. 26, 32–33 (N.D. Tex. 1981) ("the 'whole record'" is more than just the "documents that the agency has compiled and submitted" but includes "all the evidence that was before the decision-making body").

2. *Mr. Kobach May Have Relevant Information Related to His Role in Influencing Secretary Ross's Decision*: The NYIC Plaintiffs' complaint sets out some of Mr. Kobach's involvement in Secretary Ross' citizenship-question decision. (18-CV-5025, ECF No. 1.) According to Mr. Kobach, he proposed to President Trump that he add the citizenship question "shortly after he was inaugurated" in January 2017, and reported that the President "absolutely was interested in this." (Compl. ¶ 101.) Mr. Kobach made his reasons for wanting Ross to add the citizenship question plain: he wanted to strip political representation from immigrant communities by providing a way to allow states and/or the federal government to omit non-citizens from apportionment calculations. (*Id.* ¶ 102.)

Mr. Kobach's role did not end with his early meeting with President Trump. Documents produced in the Administrative Record reveal that Mr. Kobach had a phone conversation with Secretary Ross in late winter or early spring of 2017 about adding a citizenship question in part because of the "problem that aliens who do not actually 'reside' in the United States are still counted for congressional apportionment purposes." (AR 763.) In July 2017, Kobach followed up from the conversation with a discussion with Wendy Teramoto, referencing the original conversation he had with Ross "at the direction of Steve Bannon." (*Id.*) Ms. Teramoto planned a call with Kobach that day and set up a call including Secretary Ross for the following day. (*Id.*)

Despite these emails and calls between Teramoto and Kobach, Ms. Teramoto has no recollection of these events. She testified that she does not remember emailing or speaking with Mr. Kobach, setting up a meeting for him with Secretary Ross, the purpose of his conversation with her or Secretary Ross, or anything else about the series of events. (Teramoto Dep. at 40:8–45:17.)[5] Ms. Teramoto testified that she did not and does not know who Mr. Kobach is. (*Id.* at 39:4–40:6, 42:19–21.) Nor did Commerce Under Secretary for Economic Affairs Karen Dunn Kelley and Director of the Office of Policy and Strategic Planning Earl Comstock, when asked at their depositions, have any knowledge of conversations between Mr. Kobach and Commerce officials.

---

[4] *See* July 3, 2018 Hearing Tr. at 82–85.
[5] Excerpts of the Aug. 24, 2018 Wendy Teramoto Deposition Transcript are attached as Exhibit C.

Ms. Teramoto is the only individual who knows about the content of her conversations with Mr. Kobach other than Mr. Kobach himself.  Through her deposition testimony, she has rebutted any inference that Commerce personnel are able to testify about important interactions with non-parties such as Kobach or Bannon.  Without Mr. Kobach's testimony, the substance of this critical series of interactions will be lost.

3.  *Information About Mr. Kobach's Communications with Secretary Ross is Necessary and Relevant to the APA and Equal Protection Claims:*  Mr. Kobach's public statements and the Administrative Record reflect that Mr. Kobach proposed the citizenship question to President Trump "shortly after he was inaugurated," discussed the issue with Secretary Ross in early 2017 at the direction of Steve Bannon, and communicated with Secretary Ross and Wendy Teramoto in July 2017 about this subject.

These conversations directly relate to *why* Secretary Ross decided to add the citizenship question.  Mr. Kobach is a critical witness to whether the decision to add the question was the result of political pressure.  And because Mr. Kobach wanted Secretary Ross to add the question not for Voting Rights Act enforcement purposes but to dilute the political power of immigrant communities of color, his influence relates to whether the rationale offered by Secretary Ross was a pretext and whether the decision was motivated by discriminatory animus.  *See Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 266–68 (1977) (discussing the relevance of "contemporary statements by" the decisionmakers and the historical background of the decision to discriminatory intent analysis); *New York v. U.S. Dep't of Commerce*, 315 F. Supp. 3d 766 n.24 (S.D.N.Y. 2018) (noting that "evidence of pretext alone . . . may well suffice to prove a violation of the APA — as Defendants themselves conceded"); *see also Long Island Head Start Child Dev. Servs. v. N.L.R.B.*, 460 F.3d 254, 259 (2d Cir. 2006) (holding that an agency may not advance a "new rationale" for a decision "for the first time on judicial review").

Because Mr. Kobach's involvement in the process of adding the citizenship question relates to the central legal issues in this case, and because Ms. Teramoto's deposition proved that no other source besides Mr. Kobach can complete the record, the Court should authorize Plaintiffs to seek a Rule 45 deposition of and limited document discovery from Mr. Kobach.

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
  *Executive Deputy Attorney General*
Elena Goldstein (EG-8586), *Senior Trial Counsel*
Ajay Saini (AS-7014), *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
Matthew.Colangelo@ag.ny.gov

                                          Attorneys for *State of New York* Plaintiffs, 18-CV-2921
ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

                                          By:   /s/ Davin M. Rosborough

| | |
|---|---|
| Dale Ho<br>American Civil Liberties Union Foundation<br>125 Broad St.<br>New York, NY 10004<br>(212) 549-2693<br>dho@aclu.org | Andrew Bauer<br>Arnold & Porter Kaye Scholer LLP<br>250 West 55th Street<br>New York, NY 10019-9710<br>(212) 836-7669<br>Andrew.Bauer@arnoldporter.com |
| Sarah Brannon+ **<br>Davin Rosborough**<br>American Civil Liberties Union Foundation<br>915 15th Street, NW<br>Washington, DC 20005-2313<br>202-675-2337<br>sbrannon@aclu.org<br>drosborough@aclu.org | John A. Freedman<br>Arnold & Porter Kaye Scholer LLP<br>Massachusetts Avenue, N.W.<br>Washington, DC 20001-3743<br>(202) 942-5000<br>John.Freedman@arnoldporter.com |

Perry M. Grossman
New York Civil Liberties Union Foundation
125 Broad St.
New York, NY 10004
(212) 607-3300 601
pgrossman@nyclu.org

+ designates admitted pro hac vice
* designates pro hac vice application forthcoming.
** Not admitted in District of Columbia; practice limited per D.C. App. R. 49(c)(3).

*Attorneys for NYIC Plaintiffs*