# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| NEW YORK IMMIGRATION COALITION, *et al.*, |
| Plaintiffs, |
| v. |
| UNITED STATES DEPARTMENT OF COMMERCE, *et al.*, |
| Defendants. |

No. 1:18-cv-5025 (JMF)

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF REQUESTS FOR EXPEDITED PRODUCTION OF DOCUMENTS AND FIRST SET OF INTERROGATORIES TO DEFENDANTS UNITED STATES DEPARTMENT OF COMMERCE AND WILBUR ROSS**

Pursuant to Federal Rules of Civil Procedure 26, 33, and 34, Defendants United States Department of Commerce and Wilbur Ross submit these initial objections and responses to Plaintiffs' First Set of Requests for Expedited Production of Documents and First Set of Interrogatories to Defendants United States Department of Commerce and Wilbur Ross.

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

1.      Defendants object to Instructions 4, 5, and 6 to the extent they imply any obligation outside of the scope of Federal Rules of Civil Procedure 26(b)(5) or 34 and the corresponding Local Civil Rules, and on the ground that they are unduly burdensome.  In particular, Defendants will not "identify each PERSON or organization having knowledge of the factual basis, if any, upon which the objection, privilege, or other ground is asserted," because such a request has no basis in Rules 26(b)(5) or 34.  Concerning privileged material, Defendants reserve the right to create a categorical privilege log as contemplated by Local Civil Rule 26.2(c) and the associated Committee Note. Additionally, documents created by or communications sent to or from litigation counsel (including

agency counsel responsible for this litigation after commencement of this matter) will not be logged, as information contained therein is not relevant to the claims and defenses in this litigation.

2.  Defendants object to Instruction 7 as imposing obligations outside the scope of Federal Rule of Civil Procedure 34 and for being unduly burdensome insofar as it purports to require a document-by-document recounting without regard to the date on which the document was created, the date on which it was lost, discarded, destroyed, or otherwise disposed of, or whether litigation involving the substance of the document was reasonably foreseeable at that time it was lost, discarded, destroyed or otherwise disposed of.

3.  Defendants object to the definition of "COMMUNICATION" and "COMMUNICATIONS" insofar as they exceed the definition of "communication" provided in Local Civil Rule 26.3(c)(1).  Defendants' production of documents will be limited to the definition of "communication" provided in Local Civil Rule 26.3(c)(1).  Defendants also object to this definition as beyond the scope of Rule 34 to the extent it purports to require Defendants to create records of "oral contact, such as face-to-face meetings, video conferences, or telephonic conversations."  Oral communications are not documents or things within the scope of Federal Rule of Civil Procedure 34 and, accordingly, Defendants will not be producing such information.

4.  Defendants object to the definition of "IDENTIFY" in reference to "a person" as unduly burdensome and going beyond the requirements of Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3(c)(3).  Defendants object to the definition of "IDENTIFY" in reference to "a document" as unduly burdensome and going beyond the requirements of Federal Rule of Civil Procedure 34 and Local Civil Rule 26.3(c)(4).  Defendants object to the definition of "IDENTIFY" in reference to "an event, occurrence, act, transaction or conversation" as unduly burdensome and going beyond the requirements of Federal Rule of Civil Procedure 34.

2

5.     Defendants object to the definition of "PERSON OR PERSONS" insofar as it exceeds the definition of "person" provided in Local Civil Rule 26.3(c)(6).  Defendants will limit their search and production to the definition of "person" provided in Local Civil Rule 26.3(c)(6).

6.     Defendants object to the definition of "OTHER GOVERNMENT AGENCIES" on the basis that it is overbroad, unduly burdensome, and outside the scope of discovery, insofar as it would expand the scope of discovery to the entire federal government.

7.     Defendants object to the definition of "TRUMP ADMINISTRATION" as overbroad.  Defendants will interpret "TRUMP ADMINISTRATION" to mean President Trump in his official capacity as President, as well as any other current or former employee of the Executive Office of the President acting in his or her official capacity.

8.     Defendants object to the definition of "TRUMP CAMPAIGN" as overly broad and ambiguous.  It is beyond Defendants' capacity to determine, for any given person, whether that person sought the election or reelection of President Trump.

## OBJECTION TO ALL REQUESTS FOR PRODUCTION

1.     Defendants object to Plaintiffs' discovery requests to the extent they seek documents that are publicly available, already produced to Plaintiffs in the administrative record, or are readily accessible to Plaintiffs or otherwise would be less burdensome for Plaintiffs to obtain than Defendants.  *See* Fed. R. Civ. P. 26(b)(2)(C).  Defendants will not reproduce documents already produced in the administrative record.

2.     Defendants object to Plaintiffs' requests to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege, the joint defense privilege, common interest privilege, or law enforcement privilege; (d) material the disclosure of which would violate legitimate privacy

interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) any other applicable privilege or protection.

3.      Defendants specifically decline to produce privileged information.  A privilege log will be provided in the course of Defendants' rolling productions.  Defendants further object to any requirement that they produce a privilege log for privileged material not otherwise properly within the scope of discovery and/or as to which no privilege log would be required pursuant to Federal Rule of Civil Procedure 26(b)(5).

4.      Each and every response contained herein is subject to the above objections, which apply to each and every response, regardless of whether a specific objection is interposed in a specific response.  The making of a specific objection in response to a particular request is not intended to constitute a waiver of any other objection not specifically referenced in the particular response.

5.      Defendants specifically reserve the right to make further objections as necessary to the extent additional issues arise regarding the meaning of and/or information sought by discovery.

## OBJECTIONS TO SPECIFIC REQUESTS FOR PRODUCTION

**Request for Production No. 1.**  All COMMUNICATIONS, including drafts and DOCUMENTS reflecting COMMUNICATIONS, regarding or relating to the inclusion of a CITIZENSHIP QUESTION on the DECENNIAL CENSUS, including but not limited to COMMUNICATIONS with or about the CENSUS BUREAU, OTHER GOVERNMENT AGENCIES, the TRUMP ADMINISTRATION, the TRUMP CAMPAIGN, NIELSEN, Kris Kobach, Steve Bannon, Stephen Miller, Andrew Bremberg, Steve King, Steven Camarota, Hermann Habermann, and Robert Groves.

**Objections:**  Defendants object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the attorney work-product doctrine.

Defendants further object to this request on the ground that it is overbroad because it is unlimited as to time.  Given that "DECENNIAL CENSUS" is defined to include every decennial

census dating back to the ratification of the Constitution, this request, as written, sweeps in decades- or centuries-old documents from long before the events at issue in this case without regard to their relevancy to Plaintiffs' claims, which concern a decision made in 2018. The burden of obtaining and producing all such documents disproportionately outweighs any possible need for the requested documents. Defendants will interpret this request to be limited to documents created after January 20, 2017.

Defendants further object to this request to the extent it seeks documents irrelevant to Plaintiffs' claims. Specifically, Defendants object that this request sweeps in press office activities irrelevant to Plaintiffs' claims.

Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs as part of the administrative record and in response to the Court's July 3, 2018 order and are otherwise publicly available. Defendants will not reproduce documents already produced.

**Response:** Subject to the above objections, Defendants refer Plaintiffs to the complete administrative record, filed on June 8, 2018, *see* ECF No. 173, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), the supplement to the administrative record, filed on June 21, 2018, *see* ECF No. 189, and the supplemental materials filed pursuant to the Court's July 3, 2018 order in *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF). For example, Defendants refer Plaintiffs to previously produced documents Bates numbered 003694, 002634–002641, and 001198–001209. Defendants aver that they have no other responsive nonprivileged documents in their possession, custody, or control beyond what they have already produced.

**Request for Production No. 2.** All DOCUMENTS, including drafts, regarding, relating, or concerning the inclusion of a CITIZENSHIP QUESTION on the DECENNIAL CENSUS, including but not limited to: (a) DOCUMENTS, analysis or data considered by (or reflecting information considered by) COMMERCE in proposing, evaluating, or analyzing the citizenship

question, (b) DOCUMENTS, analysis or data considered by (or reflecting information considered by) by ROSS in proposing, evaluating, or analyzing the citizenship question, or (c) DOCUMENTS, analysis or data generated by or relied upon by COMMERCE, the CENSUS BUREAU, or the TRUMP ADMINISTRATION in preparing ROSS' March 26, 2018 memorandum.

**Objections:**  Defendants object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.

Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because it is unlimited as to time.  Given that "DECENNIAL CENSUS" is defined to include every decennial census dating back to the ratification of the Constitution, this request, as written, sweeps in decades- or centuries-old documents from long before the events at issue in this case without regard to their relevancy to Plaintiffs' claims, which concern a decision made in 2018.  The burden of obtaining and producing all such documents disproportionately outweighs any possible need for the requested documents.

Defendants further object to this request on the ground that it is beyond Defendants' capacity to know what the TRUMP ADMINISTRATION, a non-party, relied on.

Defendants further object to this request on the ground that it purports to seek "data or analysis" that do not constitute "DOCUMENTS."  Defendants will construe this request as seeking only "documents" as defined by Federal Rule of Civil Procedure 34(a)(1).

Defendants further object to this request to the extent it seeks documents irrelevant to Plaintiffs' claims.  Specifically, Defendants object that this request sweeps in press office activities irrelevant to Plaintiffs' claims.

Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs as part of the administrative record and in response to the Court's July 3, 2018 order and are otherwise publicly available.  Defendants will not reproduce documents already produced.

**Response:**  Subject to the above objections, Defendants refer Plaintiffs to the complete administrative record, filed on June 8, 2018, *see* ECF No. 173, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), the supplement to the administrative record, filed on June 21, 2018, *see* ECF No. 189, and the supplemental materials filed pursuant to the Court's July 3, 2018 order in *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF).  Defendants aver that they have no other responsive nonprivileged documents in their possession, custody, or control beyond what they have already produced.

**Request for Production No. 3.**  All DOCUMENTS, including drafts, regarding, relating, or concerning the inclusion of a CITIZENSHIP QUESTION on the DECENNIAL CENSUS, including but not limited to: DOCUMENTS, data or analysis generated by or relied upon by the CENSUS BUREAU, COMMERCE, or the TRUMP ADMINISTRATION in preparing for Congressional testimony by ROSS, any COMMERCE, CENSUS BUREAU, or OTHER GOVERNMENT AGENCY employee related to the inclusion of a citizenship question on the DECENNIAL CENSUS.

**Objections:**  Defendants object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.

Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because it is unlimited as to time.  Given that "DECENNIAL CENSUS" is defined to include every decennial census dating back to the ratification of the Constitution, this request, as written, sweeps in decades- or centuries-old documents from long before the events at issue in this case without regard to their relevancy to Plaintiffs' claims, which concern a decision made in 2018.  The burden of obtaining and producing all such documents disproportionately outweighs any possible need for the requested documents.

Defendants further object to this request on the ground that it is beyond Defendants' capacity to know what the TRUMP ADMINISTRATION, a non-party, relied on.

Defendants further object to this request on the ground that information related to preparation for testimony of an OTHER GOVERNMENT AGENCY employee would not be within the custody or control of Defendants and is irrelevant to Plaintiffs' claims.

Defendants further object to this request on the ground that it purports to seek "data or analysis" that do not constitute "DOCUMENTS." Defendants will construe this request as seeking only "documents" as defined by Federal Rule of Civil Procedure 34(a)(1).

Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs as part of the administrative record and in response to the Court's July 3, 2018 order and are otherwise publicly available. Defendants will not reproduce documents already produced.

**Response:** Subject to the above objections, Defendants will make rolling productions of responsive, non-privileged documents where the burden of searching, collecting, and producing such documents is not disproportionate to the needs of the case, beginning August 13, 2018 with anticipated substantial completion within a reasonable amount of time.

**Request for Production No. 4.** All DOCUMENTS, including drafts, regarding, relating, or concerning the sufficiency of available data for federal enforcement of the Voting Rights Act, 52 U.S.C. § 10101.

**Objections:** Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case in that it seeks information about Voting Rights Act enforcement data other than citizenship, even though Plaintiffs' claims concern only the citizenship question.

Defendants further object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.

8

Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because it is unlimited as to time. This request, as written, sweeps in decades-old documents from long before the events at issue in this case without regard to their relevancy to Plaintiffs' claims, which concern a decision made in 2018. The burden of obtaining and producing all such documents disproportionately outweighs any possible need for the requested documents.

Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs as part of the administrative record and in response to the Court's July 3, 2018 order and are otherwise publicly available. Defendants will not reproduce documents already produced.

**Response:** Subject to the above objections, Defendants will make rolling productions of responsive, non-privileged documents where the burden of searching, collecting, and producing such documents is not disproportionate to the needs of the case, beginning August 13, 2018 with anticipated substantial completion within a reasonable amount of time.

**Request for Production No. 5.** All DOCUMENTS, including drafts, discussing, regarding or relating to the sufficiency of administrative data necessary for the CENSUS BUREAU to create the citizenship data that DOJ requested in its December 2017 memo.

**Objections:** Defendants object to this request on the ground that it is vague and does not provide an adequate description upon which to base a reasonable inquiry. The request for information about the "sufficiency" of data "necessary" to supply citizenship data is both unclear in its scope and confusing in its phrasing.

Defendants further object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.

9

Defendants further object to this request because it seeks documents that have already been produced to Plaintiffs as part of the administrative record and in response to the Court's July 3, 2018 order and are otherwise publicly available.  Defendants will not reproduce documents already produced.

**Response:**  Subject to the above objections, Defendants refer Plaintiffs to the complete administrative record, filed on June 8, 2018, *see* ECF No. 173, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), the supplement to the administrative record, filed on June 21, 2018, *see* ECF No. 189, and the supplemental materials filed pursuant to the Court's July 3, 2018 order in *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF).  For example, Defendants refer Plaintiffs to previously produced documents Bates numbered 008219–008221, 008222-008226, 003240–003247, and 009356–009358.

Subject to the above objections, Defendants will make rolling productions of responsive, non-privileged documents where the burden of searching, collecting, and producing such documents is not disproportionate to the needs of the case, beginning August 13, 2018 with anticipated substantial completion within a reasonable amount of time.


**Request for Production No. 6.**  All DOCUMENTS regarding or relating to changes or edits made by COMMERCE, the TRUMP ADMINISTRATION or OTHER GOVERNMENT AGENCIES to CENSUS BUREAU Quarterly Program Management Reviews since January 2017 regarding or relating to the inclusion of CITIZENSHIP QUESTION on the DECENNIAL CENSUS.

**Objections:**  Defendants object to this request as seeking, on its face, pre-decisional materials subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.

Defendants further object to this request on the ground that it seeks documents that are publicly available and thus equally accessible to Plaintiffs.  Defendants will not reproduce documents that are publicly available.

**Response:**  Subject to and without waiving the above objections, Defendants refer Plaintiffs to the publicly available final version of these documents, available at https://www.census.gov/programs-surveys/decennial-census/2020-census/planning-management/program-briefings.html.

**Request for Production No. 7.**  All COMMUNICATIONS and DOCUMENTS, including drafts, generated by, prepared by, relied upon by, referenced, or otherwise produced by COMMERCE, the CENSUS BUREAU, or the TRUMP ADMINISTRATION in conjunction with the documents found in the Administrative Record at 1277-1285, 1286-1297, 1298-1303, 1304-1307, 1308-1312, and 1313-1320.

**Objections:**  Defendants object to this request as seeking, on its face, "drafts" that are subject to the deliberative-process privilege and other communications subject to the deliberative-process privilege, the attorney-client privilege, and/or the work-product doctrine.  Defendants have already produced the nonprivileged final versions of these documents.

Defendants further object to this request on the ground that the term "in conjunction with" is vague and ambiguous.  Defendants will construe this request as seeking documents explicitly referenced in the documents Bates numbered 001277–001285, 001286–001297, 001298–001303, 001304–001307, 001308–001312, and 001313–001320.

**Response:**  Subject to the above objections, Defendants refer Plaintiffs to the complete administrative record, filed on June 8, 2018, *see* ECF No. 173, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), the supplement to the administrative record, filed on June 21, 2018, *see* ECF No. 189, and the supplemental materials filed pursuant to the Court's July 3, 2018 order in *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF).  Defendants aver that they have no other responsive nonprivileged documents in their possession, custody, or control beyond what they have already produced.

**Request for Production No. 8.**  All DOCUMENTS AND COMMUNICATIONS concerning the decision whether to include a Citizenship Question on the 2020 DECENNIAL CENSUS before

11

December 12, 2017, including but not limited to, those related to whether to include citizenship as a subject in the March 2017 Report to Congress.

**Objections:**  Defendants object to this request on the basis that the terms "COMMERCE" is vague and ambiguous.  Defendants will construe the term "COMMERCE" as meaning the component of the United States Department of Commerce likely to have responsive documents: the headquarters offices of the Department.  Searches within other components of the Department—a large federal agency that includes, for example, the National Oceanic and Atmospheric Administration—are not likely to yield responsive information and would incur undue and disproportionate burden on Defendants.

Defendants further object to the request because, on its face, the request seeks documents likely covered by the deliberative-process privilege, the attorney-client privilege, and the work-product privilege.

Defendants further object to this request because there is no date limitation.  The request seeks documents that Secretary Ross did not consider and that predate the Trump Administration. These documents are irrelevant to Plaintiffs' claims.  Defendants will interpret this request to be limited to documents created after January 20, 2018.

Defendants further object to this request because any responsive documents, subject to the above objections, have already been produced to Plaintiffs in the administrative record and are otherwise publicly available.  Defendants will not reproduce documents already produced in the administrative record.

**Response:**  Subject to the above objections, Defendants refer Plaintiffs to previously produced documents Bates numbered 002630 and 003685-003686.  Defendants aver that they have no other responsive nonprivileged documents in their possession, custody, or control beyond what they have already produced.

**Request for Production No. 9.**  All DOCUMENTS and COMMUNICATIONS that Defendants plan to introduce into evidence at trial.

**Objections:**  Defendants object to this request on the ground that it is premature at this stage of the case, while discovery is still ongoing.

**Response:**  Subject to and without waiving the above objection, Defendants refer Plaintiffs to the complete administrative record upon which the Secretary of Commerce based his decision to reinstate a question concerning citizenship on the 2020 Decennial Census, filed on June 8, 2018, *see* ECF No. 173, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF), and the supplement to the administrative record, filed on June 21, 2018, *see* ECF No. 189, *New York v. U.S. Dep't of Commerce*, No. 18-cv-2921 (JMF).

## OBJECTIONS AND RESPONSES TO INTERROGATORIES

**Interrogatory No. 1.**  With regard to the document found in the Administrative Record at 1321, please IDENTIFY:
> a. the "senior Administration officials" who "previously raised" reinstating the citizenship question;
> b. the "various discussions with other government officials about reinstating a citizenship question to the Census";
> c. the consultations Secretary and his staff participated in when they "consulted with Federal governmental components";
> d. the date on which the "senior Administration officials" who "previously raised" reinstating the citizenship question first raised this subject; and
> e. all PERSONS with whom the "senior Administration officials had previously raised" reinstating the citizenship question.

**Objections:**  Defendants object to this interrogatory because it has five discrete subparts.  This interrogatory therefore constitutes five interrogatories for purposes of the limit of 25 interrogatories. *See* Fed. R. Civ. P. 33(a)(1).

Defendants further object to subparts b., c., and d. of this interrogatory insofar as they exceed the scope of information a party may seek at this stage of the litigation pursuant to Local Civil Rule 33.3(a).  Consistent with this Local Civil Rule 33.3(a), Defendants construe subparts b.

13

and c. as requesting only the identities of individuals, and Defendants object to subpart d. as requesting information outside the scope of Local Civil Rule 33.3(a).

Defendants further object to this interrogatory to the extent that it seeks (a) communications or information protected by the attorney-client privilege or (b) communications or information protected by the deliberative process privilege.

Defendants further object to this interrogatory as vague and overbroad to the extent it seeks information about meetings or conversations with government officials and other persons whose identities are immaterial to the claims in this litigation, and because the burden of responding is disproportionate to the needs of this case.  Specifically, Defendants object to subpart e. as overbroad and vague, as it sweeps in private conversations with any individual, without scope, that "senior Administration officials had previously raised" reinstating the citizenship question.

Defendants further object to the interrogatory to the extent that it purports to require the identification of the date, location, participants, and subject of any meetings involving the Executive Office of the President.  *See Cheney v. U.S. District Court*, 542 U.S. 367, 388 (2004).

**Response**:

Subject to and without waiving these objections, Defendants state that the following individuals are responsive to this interrogatory:

1.a. Defendants have not to date been able to identify individuals responsive to subpart a.  Defendants' investigation is continuing, and Defendants will supplement this response as appropriate.

1.b. Subject to and without waiving the above objections: Mary Blanche Hanky, James McHenry, Gene Hamilton, John Gore, Danielle Cutrona, Jefferson Sessions, Kris Kobach, Steve Bannon, and Wilbur Ross.

14

1.c. Subject to and without waiving the above objections: Mary Blanche Hanky, James McHenry, Gene Hamilton, John Gore, Danielle Cutrona, Jefferson Sessions, Kris Kobach, Steve Bannon, and Wilbur Ross.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

**Interrogatory No. 2.**  Please IDENTIFY all persons involved in drafting, commenting on, or approving ROSS' March 26, 2018 memorandum.

**Objections:**  Defendants object to this interrogatory to the extent that it seeks (a) communications or information protected by the attorney-client privilege or (b) communications or information protected by the deliberative process privilege.

Defendants further object to this interrogatory as vague and ambiguous with respect to the term "approving," as the Secretary alone approved the decision and memorandum.  Defendants further object to this interrogatory as vague and ambiguous with respect to the term "commenting on."

**Response:**

Subject to and without waiving these objections, Defendants state that the following individuals are responsive to this interrogatory: John Abowd, Earl Comstock, Peter Davidson, Jessica Freitas, Ron Jarmin, Christa Jones, Karen Dunn Kelley, Enrique Lamas, James Uthmeier, Victoria Velkoff, Michael Walsh, and Attorneys at the Department of Justice.

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

15

**Interrogatory No. 3.** With respect to any Congressional testimony by ROSS or any COMMERCE, CENSUS BUREAU, or OTHER GOVERNMENT AGENCY concerning the inclusion of a question concerning citizenship on the DECENNIAL CENSUS, please IDENTIFY all persons involved in the preparation for such testimony.

**Objections:** Defendants object to this interrogatory to the extent that it seeks (a) communications or information protected by the attorney-client privilege or (b) communications or information protected by the deliberative process privilege.

Defendants further object to this request as overbroad and beyond the scope of discovery to the extent it seeks information on testifying officials from other government agencies not party to this lawsuit.

Defendants further object to this interrogatory as seeking information that is not relevant to any party's claim or defense. Preparations of the Secretary or any other official for congressional testimony have no bearing on Plaintiff's challenge to the reinstatement of the citizenship question.

**Response:**

Subject to and without waiving these objections, Defendants state that the following individuals are responsive to this interrogatory (all individuals employed by Department of Commerce unless otherwise indicated): Michael Phelps, Rachael Wilde, Traci Blyden, Rod Turk, Erin Cavanaugh, Joselyn Bingham, Barry Robinson, Melissa Creech, Beverly Hyson, Peter Davidson, Michelle McClelland, Kim Taylor, Alicia Price, Jonathan Baker, Lauren Didiuk, Nick Kornegay, Brian DiGiacomo, Michael Cannon, Beth Grossman, Beth Van Hanswyk, Jennifer Lucas, Hillary Davidson, Joe Bartels, Earl Comstock Sahra Park-Su, Michael Walsh, David Langdon, Henry Young, Jocelyn Burston, Graham Davidson, Anne Teague, Michael Platt, Kasey O'Conner, Lawson Kluttz, Ross Branson, Jacque Mason, Keven Valentin, Jenilee Keefe Singer, Burton Reist, Christa Jones, Jeffrey Weinberg (OMB), Rody Damis (OMB), and Rachel Snyderman (OMB).

Defendants reserve the right to supplement this response with any additional relevant, responsive, non-privileged information that is within its possession, custody, or control and capable of being ascertained with reasonable diligence.

As to Interrogatories, see Verification page *infra*.

As to objections:

Dated: August 13, 2018

CHAD A. READLER
Acting Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Director, Federal Programs Branch

*/s/     Kate Bailey*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Email:  kate.bailey@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF MICHAEL A. CANNON

I certify under penalty of perjury that the foregoing response to Plaintiffs' interrogatories are true and correct to the best of my knowledge, information, belief, understanding, and recollection, with the understanding that the Department of Commerce is continuing to research its responses to the Plaintiffs' interrogatories and reserves the right to supplement its response.

Dated: ___8/13/18___

**Michael A. Cannon**

# EXHIBIT 2

**From:** Freedman, John A.
**Sent:** Friday, August 17, 2018 10:23:15 AM
**To:** 'Bailey, Kate (CIV)'; 'Coyle, Garrett (CIV)'; 'Federighi, Carol (CIV)'; 'Kopplin, Rebecca M. (CIV)'; 'Halainen, Daniel J. (CIV)'; 'Tomlinson, Martin M. (CIV)'; 'Ehrlich, Stephen (CIV)'
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; DHo@aclu.org; SBrannon@aclu.org; PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters
**Sensitivity:** Normal

---

Counsel --

I write to raise various matters:

1. For purposes of Mr. Jarmin's testimony on Monday, can you please send your attendee list this afternoon?

2. By email dated August 3, we understood the Defendants had received clearance to produce the .csv files requested in native format. We do not believe we have received these. If these have been produced, can you identify where they are found in the record? If not, could you advise when these materials will be produced.

3. There were various documents that Dr. Abowd referenced on Wednesday as being in the Administrative Record that we have not been able to locate -- these include the more extended version of the "swat team" white paper, the back up analysis for the CAPI and 2017 ACS breakoff studies, and the race/ethnicity stratification of the 2016 ACS item non-response. Could you please advise where these are in the record?

4. Please advise where Defendants are in the process of complying with point 2 of Judge Furman's August 14 Order, in particular with the requirement that the information withheld under Title 13 be submitted to the Census Bureau Disclosure Review Board for expeditious review at its next scheduled meeting. Mr. Colangelo previously identified our priority set of materials and requested that Defendants let us know when the next DRB meeting for this week will be held, and whether the DRB does (or does not) need us to identify additional sub-sets of documents for staggered review.

5. This is a response to the various emails that have come in over the last day or so. Subject to your availability, we could meet and confer as early as this afternoon at 2 pm ET. We have arranged for interested counsel in the California and Maryland cases to be available at this time. Schedules get more complicated next week with travel and vacations.

This is what we would suggest as an agenda:

    A. The Defendants' objections to the Census Bureau 30(b)(6). We are prepared to discuss each of the items raised in Kate's Wednesday letter.

    B. The sufficiency of the supplementation of the Administrative Record. Based on our review of Mr. Cannon's declaration, we have the following questions and concerns:

        1. Paragraph 8 of the declaration is unclear whether all materials collected from the "secured shared drive" (which we assume is a reference to SECURE_ADREC_2020, but please confirm) were produced, or whether they were subject to the search terms described in footnote 2 and on Appendix B. We have questions about whether all materials have been produced, particularly since Dr. Abowd referenced or testified about certain materials that we have not been able to locate (including the materials discussed above in point 3). To the extent materials on the shared drive have not been produced, they should be produced immediately.

        2. With regard to custodians, there were notable omissions of specific individuals we have identified as of interest, or the records or discovery produced indicate had significant involvement such that they are reasonably likely to have responsive materials. From the Census Bureau, this includes Victoria Velkoff, David Raglin, Albert Fotnenot, James Treat, James Whitehorne, and James Dinwiddie. From the Commerce Department, this includes Eric Branstad, David Langdon, Ellen Herbst, Sahra Park-Su, Joseph Semsar, Aaron Willard, and Brian Lenihan.

        3. With regard to search terms, from the listed terms, we have significant concerns about the robustness of the searches performed and whether they were reasonably designed to identify materials concerning the Department's evaluation of the citizenship question:
        a. From the description in the attachments, we are not clear whether the search protocols executed the identified search terms as written or collected materials related to the identified search terms or whether basic search protocols were followed such as covering basic misspellings of proper names (e.g., "Koback"), root expanders (that would pick up Jefferson Sessions), and proximity limiters that would prevent picking up last names used in isolation (such as "Kobach," "Gore" without first names), etc.
        b. While the proper names of certain third parties were used as search terms, we do not understand why their titles ("Attorney General," "the AG,") and other individuals we previously identified (Mary Blanche Hankey, Danielle Cutrona, Eugene (Gene) Hamilton, James McHenry, Steve Bannon, and Marc Neuman) -- were not used as search terms. We note that many of these individuals were identified in response to the NYIC interrogatories 1.b and 1.c.
        c. The substantive search terms used do not address concepts about the potential counting or inclusion of noncitizens (or as they are

referred to at AR 2521 and 763, "undocumented," "aliens," "illegals" or "illegal aliens") in the Census, and the impact that would have on enumeration, apportionment, or districting decisions. The uses of these terms and concepts in Defendants' records found prior to December 12 go directly to the question whether the Department of Justice request was pretext. It is evident from the some of the earliest documents in the administrative record that the internal and external discussions of Commerce Department officials around these topics included use of these terms and concepts.

4. With regard to the Commerce Department respondents, there is nothing in Mr. Cannon's declaration that addresses our questions about senior Commerce officials use of personal or non-governmental accounts to communicate about the potential addition of a citizenship question. We have been raising this issue for at least three weeks, and understood from Stephen's August 10 email that we were to receive a "conclusive position" on August 13. To the best of our knowledge, we have not received further information on this topic.

In light of these considerations, we write to inquire whether the Defendants are standing by the position it has taken in previous meet and confers that the Administrative Record is complete. Pending satisfactory answers to these questions, we plan to advise the Court today that we have raised a number of follow up questions concerning the Wednesday night filing and requested a meet and confer.

C. The Defendants response to the NYIC and NYAG Plaintiffs' RFPs and Interrogatories. We are still reviewing the objections and responses, as well as the documents produced, and will be prepared to meet and confer on the Census Bureau requests in the near future. In the interim, we would like to meet and confer on:

1. The timing when the Defendants will respond to Interrogatory 1.a, and the Defendants' objections to Interrogatories 1.d & 1.e.

2. The Department's reliance on the previously produced Administrative Record as its response to the Requests for Production without re-producing such documents in a manner that complies with the obligation to produce documents as they are maintained in the ordinary course of business. In particular, the productions of electronic materials to date have not included metadata, have not linked document "families," and have largely not been produced in native format.

D. For the NYIC Plaintiffs only, the Government's request for Rule 45 discovery from ten individual, third-party members of the NYIC Plaintiffs organizations.

We have been working with our clients to contact the individual third party members; given the number of parties the Government has identified, this process takes time. We would like to better understand the purpose and objective of this discovery.

Notwithstanding our efforts to reach out to these individuals, our position is that the Defendants must obtain leave of court before engaging in this or any other third party discovery. We note that:

1. Judge Furman ordered the parties on May 9 to identify in the June 26 letters "to what extent the Court should permit discovery";

2. The Defendants' June 26 letter did not indicate Defendants planned to seek Rule 45 discovery; rather the Defendants took the position that there should be no discovery beyond the Administrative Record;

3. The Defendants' initial disclosures similarly did not identify any third parties (or other parties) as having documents or information relevant to support their claims or defenses; rather, Defendants took the position that the only such documents or information were the Administrative Record, as supplemented, and that "there are no fact witnesses Defendants intend to use to support their claims or defenses, other than for impeachment";

4. On July 3, Judge Furman sharply limited third-party discovery in this matter, making clear that discovery could only be sought from the Departments of Commerce and Justice [7/3 Tr. 86.];

5. We do not understand what possible relevance any third party discovery propounded on individual members of the plaintiff organizations could have to this matter, or why this is not an inappropriate effort to harass or inconvenience these individuals. We also do not understand, to the extent any of these individuals might have relevant discovery, why such information could not be sought through other, less burdensome means. To the extent the Court permits Defendants to take third party discovery and the Defendants issue Rule 45 subpoenas, we anticipate we will object and seek a protective order;

In the interest of timing, we are happy to meet and confer regarding the Government's request for leave when we next talk.

Best regards,

John

_____

John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316

# EXHIBIT 3

**Archived:** Thursday, August 30, 2018 12:16:06 PM
**From:** DHo@aclu.org
**Sent:** Monday, August 27, 2018 5:45:02 PM
**To:** Bailey, Kate (CIV); Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; SBrannon@aclu.org; PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters
**Sensitivity:** Normal

---

Counsel,

We write to address three topics.

First, can you provide the names of attendees for each of the depositions this week?

Second, can you provide dates of availability for Mr. Gore and timing on production of his documents, including a privilege log?  It has now been 10 days since the court's order compelling Mr. Gore's deposition.

Third, we are writing to follow up on our August 21 meet and confer.

1.  This will serve to confirm your representation that the Government has produced all records from the "secured share drive" referenced in Mr. Cannon's declaration and did not limit the production from that folder to specific search terms.  Please let us know immediately if that understanding is inaccurate.

2.  We had understood that from the discussion on August 21 that the Disclosure Review Board was expected to review the Title 13 assertions on August 23 or 24, and the Government was going to provide an update on August 23 on status.  We did not receive this update.  Please advise on the status of the review, and when we should expect to receive the additional materials.

3.  We have previously noted that we have been unable to find certain materials referenced by Dr. Abowd during his deposition.  These are the open issues:

- We understand that the longer version of the white paper referenced by Dr. Abowd on pages 89-90 of the final transcript (pages 83-84 in the rough draft) is included in the documents that you are reviewing and plan to produce.  We have not yet received those documents.
- At page 166-167 (formerly 159-161), Dr. Abowd mentioned that he believed that the Census Bureau had done analysis referenced in Secretary Ross' March 26 memo in tables showing the differential response rates for other ACS questions.  We do not believe this analysis has been produced.
- At page 179  (formerly page 173), Dr. Abowd testified about his review of drafts of the March 26 memo that does not appear to be privileged.  We do not believe these drafts have been produced.
- At page 206-207, Dr. Abowd testified about the August 3 report.  We do not believe this has been produced.  You agreed to look into this at the meet and confer.
- On additional document that we have not previously raised is the spreadsheet Dr. Abowd testified about at page 315.  We do not believe this has been produced.

Each of these documents should be identified in the record or produced immediately, i.e., before the Census Bureau 30(b)(6) deposition.

4.  As we agreed to, we have conferred about our concerns about the completeness of the administrative record, we have conferred internally about prioritization of additional custodians and search terms, as well as modifications to Interrogatories 1.d and 1.e.

a.  With respect to the interrogatories, we will make the following modifications to 1.d and 1.e to address the issues you raised at the meet and confer.

> 1.d. the date on which the "senior Administration officials" who "previously raised" reinstating the citizenship question first raised this subject <u>with SECRETARY ROSS or with COMMERCE</u>;
> 1.e. all PERSONS with whom<u>, to the knowledge of COMMERCE and SECRETARY ROSS,</u> the "senior Administration officials had previously raised" reinstating the citizenship question.

Please confirm that the Department of Commerce and Secretary Ross will now respond to the interrogatories under these modified requests, and please also provide a date by which you will provide your responses.

b.  With respect to additional custodians to search, we ask that you prioritize the following custodians:
- Victoria Velkoff:  She was heavily involved in the analysis performed by Dr. Abowd's team.
- David Raglin:  Like Ms. Velkoff, he was heavily involved in Dr. Abowd's analysis.

- Eric Branstad:  He served as a point person in communicating with DOJ about the addition of the citizenship question.  He was also on the email where Mr. Comstock informed Secretary Ross that "illegal aliens" are counted for purposes of redistricting.
- David Langdon:  He plays an active role in a number of early emails about adding the citizenship question (including AR 3685, 3686, 3702, 3888).
- Sahra Park-Su:  She is on roughly 100 emails already in the record about adding the question, and participated at the August 29 meeting with Comstock.
- Brian Lenihan: He is on roughly 50 emails already in the record about adding the question.
- Aaron Willard: He is on roughly 50 emails already in the record about adding the question.

At the present time, we are willing to postpone requesting the addition of Fotnenot, Treat, Dinwiddle, Whitehorne, Herbst, and Semsar as custodians, reserving all rights as we obtain additional discovery.

Please confirm that you will search the additional custodians requested above, and please also provide a date by which you will produce responsive materials from these additional custodians.

c.  With respect to search terms:

1. All custodians should be searched for concepts referencing immigrants such as "aliens," "illegals," and "undocumented";

2. All custodians should be searched for the following names:
- Steve Bannon (and variants of his name): It is clear that Mr. Bannon played a large role in precipitating the addition of the question, and certainly as large a role as Kris Kobach, who you have already included as a search term.
- James McHenry (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question.
- Eugene (Gene) Hamilton (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. Hamilton about the possibility of DHS requesting addition of the question.
- Marc Neuman (and variants of his name):  The records demonstrates that he was involved in ongoing discussions with senior Commerce leadership about adding the question.

For now, we are willing to forego adding Mary Blanche Hankey and Danielle Cutrona as search terms, reserving all rights as we obtain additional discovery.

3.  This will confirm that you represented that the Government has previously searched variants of Kris Kobach, Jeff Sessions, and John Gore for previously searched custodians, and will run such terms for new custodians.

Please confirm that you will add the additional search terms requested above, and please also provide a date by which you will produce responsive materials.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Sunday, August 19, 2018 3:39:56 PM
**To:** Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Dale Ho; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Thank you, John, for the thorough and prompt response. As an initial matter, we agree that this at least substantially narrows the parties' disagreement as to the proper scope of the 30(b)(6) deposition.

We will share and discuss this with our client as soon as possible, but it will not be possible to do so before the 9am start to Dr. Jarmin's deposition tomorrow, which means we will not be able to meet and confer during the lunch break. We intend to have a response quickly thereafter.

Kate

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Freedman, John A." <John.Freedman@arnoldporter.com>
Date: 8/19/18 1:03 PM (GMT-05:00)
To: "Bailey, Kate (CIV)" <katbaile@CIV.USDOJ.GOV>, "Coyle, Garrett (CIV)" <gcoyle@CIV.USDOJ.GOV>, "Federighi, Carol (CIV)" <CFederig@CIV.USDOJ.GOV>, "Kopplin, Rebecca M. (CIV)" <rkopplin@CIV.USDOJ.GOV>, "Halainen, Daniel J. (CIV)" <dhalaine@CIV.USDOJ.GOV>, "Tomlinson, Martin M. (CIV)" <mtomlins@CIV.USDOJ.GOV>, "Ehrlich, Stephen (CIV)" <sehrlich@CIV.USDOJ.GOV>
Cc: "Colangelo, Matthew'" <Matthew.Colangelo@ag.ny.gov>, "Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'" <Elena.Goldstein@ag.ny.gov>, "Saini, Ajay'" <Ajay.Saini@ag.ny.gov>, DHo@aclu.org, SBrannon@aclu.org, PGrossman@nyclu.org, "Bauer, Andrew" <Andrew.Bauer@arnoldporter.com>, "Gersch, David P." <David.Gersch@arnoldporter.com>, "Grossi, Peter T." <Peter.Grossi@arnoldporter.com>, "Weiner, David J." <David.Weiner@arnoldporter.com>, "Young, Dylan Scot" <Dylan.Young@arnoldporter.com>, "Kelly, Caroline" <Caroline.Kelly@arnoldporter.com>
Subject: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel --

Per my email on August 17, these are responses to the objections to the Census Bureau Rule 30(b)(6) topics identified in the Defendants' August 15 letter.

1.  Per Defendants' objections to topic 5 that the list includes Commerce Department documents, Plaintiffs withdraw topics 5.f & 5.g.  If there are other documents that are not Census Bureau documents, please identify them.  The remaining documents all appear to be Census Bureau documents, and Dr. Abowd testified about many of them during his August 15 deposition.

2.  Per Defendants' objections to topics 11 & 12, Plaintiffs withdraw topics 11 and 12.a and 12.b.  Topics 12.c-12.f concern the Census Bureau's adherence to the relevant agency directives, guidelines and policies during its consideration of adding the citizenship question to the Decennial Census.  The witness will not be asked for legal interpretations of these standards.

3.  With regard to Defendants' objections to topic 13, we understand the Census Bureau is prepared to provide a witness to discuss the designated topic for the 2000, 2010 and 2020 Census.  At the meet and confer, please be prepared to discuss whether or not there is a current Census Bureau employee who can testify regarding this topic for the 1990 Census.

4.  With respect to Defendants' objections to topic 15, we will reformulate and narrow the request to be "The current estimate of the Census Bureau's Population Estimates Program for the population of the United States at present and its projection for United States population at the time the apportionment calculation will be conducted, including breakdown of this information by metropolitan and micropolitan statistical areas, counties, cities, and towns. And general information about the process by what these numbers are calculated." To facilitate the Census Bureau's ability to provide this information, Plaintiffs would be willing to accept a proposed stipulation with the data as to the numbers themselves.

5.  With respect to Defendants' Title 13 objections to topics 17 and 20, we are prepared to discuss the specific Title 13 concerns.  We note that significant ACS data has been publicly released, and additional data for the 2017 ACS is scheduled to be released in early September.  We would also suggest that any Title 13 covered information should be submitted immediately to the DRP for review.

6.  With respect to Defendants' objections to topic 18, Plaintiffs agree to narrow the scope of discussion about the CPS as follows: "Current Population Survey results since January 1, 2015, including any analysis of unit and item non-response rates, with breakdowns by demographic group and geography."  Dr. Abowd knowledgeably discussed the CPS during the August 15 deposition.  In the event he is not able to discuss in detail, the Census Bureau should produce a witness with sufficient knowledge.

7.  With respect to Defendants' objections to topic 20, Plaintiffs agree to reformulate the topic to "Census Barriers, Attitudes and Motivators Surveys (CBAMS) in preparation of the 2010 Decennial Census and in preparation for the 2020 Decennial Census."  Given the Census Bureau's reliance on data from the 2010 census in analyzing the potential addition of a citizenship question, we think that the information from CBAMS for 2010 census is relevant to matters at issue in this case.

As for the current CBAMS, Dr. Abowd already mentioned an August 3, 2018 report about this work and also there have been several public presentations (in Nov. 2017 and May 2018) about the results from focus group work that the Census Bureau has been conducting in relation to the 2020 Decennial Census.  To the extent Dr. Abowd is not able to discuss this topic, the Census Bureau should produce a witness with sufficient knowledge.

8.  Plaintiffs withdraw topics 1, 2, 3 & 4.

We trust these positions address the overwhelming majority of issues Defendants have raised and have significantly narrow the remaining issues.  As we indicated

on Friday, all counsel who need to participate from the Plaintiffs' side will be available to meet and confer about the full agenda we have proposed during the lunch break on Monday.

Best regards,

John

_____
John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# EXHIBIT 4

**From:** DHo@aclu.org
**Sent:** Tuesday, August 28, 2018 1:48:02 PM
**To:** Bailey, Kate (CIV); Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; SBrannon@aclu.org; PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters
**Sensitivity:** Normal

---

Counsel,

Thank you for your email.  Our responses on various items are below -

**Item 2 (Gore deposition and DOJ documents).**  We will review your proposed clawback agreement and get back to you.  We note that you still have not provided dates for Mr. Gore's availability for the weeks of 9/3 and 9/10.

**Item 3(2) (Title 13 review).**  Thank you for your response regarding Title 13 review.  Given that Title 13 review was completed last week for the first tranche of documents, we do not understand why these documents have not yet been produced, particularly in light of the 30(b)(6) deposition tomorrow.  Please produce these documents immediately.

**Item 3(3) (Abowd documents).**  We have not received an explanation as to why these documents have not been produced.  Please produce these documents immediately in light of the 30(b)(6) deposition tomorrow.

In addition to the materials we have previously requested, counsel from one of the other actions has asked that the Government also identify or produce the following:

- The analysis that estimates a 5.8 percentage point differential decrease in self-response caused by the citizenship question, and all related documents and data.  (Abowd Tr. 202-03.)
- Documents concerning field instructions for how hard to press for proxies.  (Abowd Tr. 216.)
- Documents concerning the relationship between self-response rate and net undercount.  (Abowd Tr. 228-29.)
- Documents concerning procedures for whole-person imputation for the 2020 census.  (Abowd Tr. 233.)
- Documents concerning the use of administrative records for imputation for the 2020 census.  (Abowd Tr. 233.)

**Item 3(4)(a) (Interrogatories).**  Please confirm that you will respond to our modified interrogatories and by what date.

**Items 3(4)(b)-(c) (completeness of the record).**  We understand your position that the AR is complete and that you will not perform searches of additional custodians or search terms beyond the ones that you have already conducted.

**Last, we write to request your consent for limited third-party discovery, in the form of a Rule 45 request for production of documents from, and deposition of, Kris Kobach.**  As you know, the Administrative Record reveals that Mr. Kobach was intimately involved in Secretary Ross's decision to add a citizenship question to the 2020 Census.  See AR 763, 764.  The AR includes an email exchange between Mr. Kobach and Wendy Teramoto, and references to at least one conversation between the two of them.

At her deposition on Friday, however, Ms. Teramoto testified that she "ha[s] no idea" who Mr. Kobach is.  In response to the question, "[d]o you recall speaking with Kris Kobach," Ms. Teramoto replied, "[n]ot at all."  She also testified "I have no recollection of ever speaking to him," and that she "had no idea" who Mr. Kobach was at the time of their interactions.  In response to the question "why did you set up a call with him [and] the Secretary," she responded "I don't remember."  She further testified that she "ha[s] no idea" whether there are any notes of Secretary Ross's subsequent conversation with Mr. Kobach.

In light of Mr. Kobach's apparent role in the Secretary's decision to add the citizenship question, and Ms. Teramoto's inability to testify about her interactions Mr. Kobach—including those interactions with Mr. Kobach to which she was the only Commerce Department official who was a party—we intend to seek leave of the Court to take discovery from Mr. Kobach.  Please confirm whether you will oppose or consent to this request.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693

dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Monday, August 27, 2018 11:42:35 PM
**To:** Dale Ho; Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel—

The depositions of Karen Dunn Kelley and Earl Comstock will be attended by myself, Josh Gardner, David Dewhirst, and Mike Walsh. The Census Bureau 30(b)(6) deposition will be attended by Dr. Abowd, Stephen Ehrlich, Carlotta Wells, and Michael Cannon.

We are ready to produce to you another batch of documents from DOJ and an accompanying privilege log, but we need to first secure a clawback agreement. Attached to this email is a proposed agreement and joint motion. Please review and let us know if you have any concerns; we'd like to get this on file ASAP so we may promptly overnight you additional responsive documents.

Regarding the points below, your email contains several misstatements of the positions we took in our August 21 meet and confer. For example, I represented on that call our position that we have searched the appropriate custodians based on each individuals' involvement (or lack thereof) in the process. I also represented our position that the search terms selected were designed to capture responsive documents in a manner proportional to the needs of the case, and that the search terms you proposed would be overbroad and would likely pull in a large number of materials unrelated to the issues presented in this litigation.

In response to your questions and your representation that you believed, based on the materials we have produced, that some individuals had more-substantial involvement, we agreed to confirm with the agency the role of a smaller group of "priority" individuals and to *consider* whether those individuals are likely to have responsive and relevant information the production of which would be proportional to the needs of this case. But **we did not agree to perform new searches either on additional custodians or using additional search terms for those custodians whose materials we've already searched.** I would also point out that the fact that a particular individual "was . . . involved in Dr. Abowd's analysis," or "is on roughly 50 emails already in the record" does not, by itself, indicate that a particular individual should be included as a custodian. Both Dr. Abowd's and Dr. Jarmin's files and emails were searched, as well as those of Secretary Ross's advisors within Commerce, and any relevant information provided by your proposed custodians to those individuals already has been produced. Consistent with my representation last week, we will consult with the agency on the level of involvement of the individuals you've identified, but we do not at this time agree to add additional custodians.

Furthermore, we do not agree to search all custodians for "concepts" such as "aliens," "illegals," and "undocumented." The decision at issue concerns a question on citizenship, not legal status, and including such terms would be irrelevant and disproportionate to the case. We similarly believe that the sparse references to Steve Bannon, James McHenry, Gene Hamilton, and Marc Neumann within the record do not justify re-searching all custodians to search for these names. These individuals may interact with the Department on matters unconnected to citizenship and the census. And any responsive materials would also contain the terms we have used, including "citizenship" and "census," and have been produced. In particular, we disagree with your contention that "Mr. Bannon played a large role in precipitating the addition of the question." Also inaccurate is your assertion that "Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question"; **the memo in question did not mention EOIR, and it is not clear that Mr. McHenry even worked in that office during the relevant timeframe.**

Additionally, I confirmed that the names Kris Kobach, Jeff Sessions, and John Gore have been searched. **I did not make any representations regarding "variants" of those names, nor did I agree to "run such terms for new custodians."**

Regarding the documents submitted for Title XIII review, the DRB has completed its review for one tranche of 22 documents, and review of the remaining documents is pending. We expect to provide an update on the first tranche shortly, including providing updated versions of the documents as appropriate, and we anticipate having a better understanding of the timing for the remaining documents later this week.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Dale Ho [mailto:dho@aclu.org]
**Sent:** Monday, August 27, 2018 5:44 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>;

Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
Cc: 'Colangelo, Matthew' <Matthew.Colangelo@ag.ny.gov>; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'
<Elena.Goldstein@ag.ny.gov>; 'Saini, Ajay' <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer,
Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>;
Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <Dylan.Young@arnoldporter.com>; Kelly, Caroline
<Caroline.Kelly@arnoldporter.com>
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel,

We write to address three topics.

First, can you provide the names of attendees for each of the depositions this week?

Second, can you provide dates of availability for Mr. Gore and timing on production of his documents, including a privilege log? It has now been 10 days since the court's order compelling Mr. Gore's deposition.

Third, we are writing to follow up on our August 21 meet and confer.

1.  This will serve to confirm your representation that the Government has produced all records from the "secured share drive" referenced in Mr. Cannon's declaration and did not limit the production from that folder to specific search terms. Please let us know immediately if that understanding is inaccurate.

2.  We had understood that from the discussion on August 21 that the Disclosure Review Board was expected to review the Title 13 assertions on August 23 or 24, and the Government was going to provide an update on August 23 on status. We did not receive this update. Please advise on the status of the review, and when we should expect to receive the additional materials.

3.  We have previously noted that we have been unable to find certain materials referenced by Dr. Abowd during his deposition. These are the open issues:

    - We understand that the longer version of the white paper referenced by Dr. Abowd on pages 89-90 of the final transcript (pages 83-84 in the rough draft) is included in the documents that you are reviewing and plan to produce. We have not yet received those documents.
    - At page 166-167 (formerly 159-161), Dr. Abowd mentioned that he believed that the Census Bureau had done analysis referenced in Secretary Ross' March 26 memo in tables showing the differential response rates for other ACS questions. We do not believe this analysis has been produced.
    - At page 179 (formerly page 173), Dr. Abowd testified about his review of drafts of the March 26 memo that does not appear to be privileged. We do not believe these drafts have been produced.
    - At page 206-207, Dr. Abowd testified about the August 3 report. We do not believe this has been produced. You agreed to look into this at the meet and confer.
    - On additional document that we have not previously raised is the spreadsheet Dr. Abowd testified about at page 315. We do not believe this has been produced.

    Each of these documents should be identified in the record or produced immediately, i.e., before the Census Bureau 30(b)(6) deposition.

4.  As we agreed to, we have conferred about our concerns about the completeness of the administrative record, we have conferred internally about prioritization of additional custodians and search terms, as well as modifications to Interrogatories 1.d and 1.e.

    a.  With respect to the interrogatories, we will make the following modifications to 1.d and 1.e to address the issues you raised at the meet and confer.

        1.d. the date on which the "senior Administration officials" who "previously raised" reinstating the citizenship question first raised this subject <u>with SECRETARY ROSS or with COMMERCE</u>;
        1.e. all PERSONS with whom<u>, to the knowledge of COMMERCE and SECRETARY ROSS,</u> the "senior Administration officials had previously raised" reinstating the citizenship question.

    Please confirm that the Department of Commerce and Secretary Ross will now respond to the interrogatories under these modified requests, and please also provide a date by which you will provide your responses.

    b.  With respect to additional custodians to search, we ask that you prioritize the following custodians:
        - Victoria Velkoff: She was heavily involved in the analysis performed by Dr. Abowd's team.
        - David Raglin: Like Ms. Velkoff, he was heavily involved in Dr. Abowd's analysis.
        - Eric Branstad: He served as a point person in communicating with DOJ about the addition of the citizenship question. He was also on the email where Mr. Comstock informed Secretary Ross that "illegal aliens" are counted for purposes of redistricting.
        - David Langdon: He plays an active role in a number of early emails about adding the citizenship question (including AR 3685, 3686, 3702,

3888).

- Sahra Park-Su: She is on roughly 100 emails already in the record about adding the question, and participated at the August 29 meeting with Comstock.
- Brian Lenihan: He is on roughly 50 emails already in the record about adding the question.
- Aaron Willard: He is on roughly 50 emails already in the record about adding the question.

At the present time, we are willing to postpone requesting the addition of Fotnenot, Treat, Dinwiddle, Whitehorne, Herbst, and Semsar as custodians, reserving all rights as we obtain additional discovery.

Please confirm that you will search the additional custodians requested above, and please also provide a date by which you will produce responsive materials from these additional custodians.

c. With respect to search terms:

1. All custodians should be searched for concepts referencing immigrants such as "aliens," "illegals," and "undocumented";

2. All custodians should be searched for the following names:
- Steve Bannon (and variants of his name): It is clear that Mr. Bannon played a large role in precipitating the addition of the question, and certainly as large a role as Kris Kobach, who you have already included as a search term.
- James McHenry (and variants of his name): Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question.
- Eugene (Gene) Hamilton (and variants of his name): Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. Hamilton about the possibility of DHS requesting addition of the question.
- Marc Neuman (and variants of his name): The records demonstrates that he was involved in ongoing discussions with senior Commerce leadership about adding the question.

For now, we are willing to forego adding Mary Blanche Hankey and Danielle Cutrona as search terms, reserving all rights as we obtain additional discovery.

3. This will confirm that you represented that the Government has previously searched variants of Kris Kobach, Jeff Sessions, and John Gore for previously searched custodians, and will run such terms for new custodians.

Please confirm that you will add the additional search terms requested above, and please also provide a date by which you will produce responsive materials.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Sunday, August 19, 2018 3:39:56 PM
**To:** Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Dale Ho; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Thank you, John, for the thorough and prompt response. As an initial matter, we agree that this at least substantially narrows the parties' disagreement as to the proper scope of the 30(b)(6) deposition.

We will share and discuss this with our client as soon as possible, but it will not be possible to do so before the 9am start to Dr. Jarmin's deposition tomorrow, which means we will not be able to meet and confer during the lunch break. We intend to have a response quickly thereafter.

Kate

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Freedman, John A." <John.Freedman@arnoldporter.com>
Date: 8/19/18 1:03 PM (GMT-05:00)
To: "Bailey, Kate (CIV)" <katbaile@CIV.USDOJ.GOV>, "Coyle, Garrett (CIV)" <gcoyle@CIV.USDOJ.GOV>, "Federighi, Carol (CIV)" <CFederig@CIV.USDOJ.GOV>, "Kopplin, Rebecca M. (CIV)" <rkopplin@CIV.USDOJ.GOV>, "Halainen, Daniel J. (CIV)" <dhalaine@CIV.USDOJ.GOV>, "Tomlinson, Martin M. (CIV)" <mtomlins@CIV.USDOJ.GOV>, "Ehrlich, Stephen (CIV)" <sehrlich@CIV.USDOJ.GOV>
Cc: "Colangelo, Matthew'" <Matthew.Colangelo@ag.ny.gov>, "Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)"' <Elena.Goldstein@ag.ny.gov>, "Saini, Ajay'" <Ajay.Saini@ag.ny.gov>, DHo@aclu.org, SBrannon@aclu.org, PGrossman@nyclu.org, "Bauer, Andrew" <Andrew.Bauer@arnoldporter.com>, "Gersch, David P." <David.Gersch@arnoldporter.com>, "Grossi, Peter T." <Peter.Grossi@arnoldporter.com>, "Weiner, David J." <David.Weiner@arnoldporter.com>, "Young, Dylan Scot" <Dylan.Young@arnoldporter.com>, "Kelly, Caroline" <Caroline.Kelly@arnoldporter.com>
Subject: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel --

Per my email on August 17, these are responses to the objections to the Census Bureau Rule 30(b)(6) topics identified in the Defendants' August 15 letter.

1.  Per Defendants' objections to topic 5 that the list includes Commerce Department documents, Plaintiffs withdraw topics 5.f & 5.g.  If there are other documents that are not Census Bureau documents, please identify them.  The remaining documents all appear to be Census Bureau documents, and Dr. Abowd testified about many of them during his August 15 deposition.

2.  Per Defendants' objections to topics 11 & 12, Plaintiffs withdraw topics 11 and 12.a and 12.b.  Topics 12.c-12.f concern the Census Bureau's adherence to the relevant agency directives, guidelines and policies during its consideration of adding the citizenship question to the Decennial Census.  The witness will not be asked for legal interpretations of these standards.

3.  With regard to Defendants' objections to topic 13, we understand the Census Bureau is prepared to provide a witness to discuss the designated topic for the 2000, 2010 and 2020 Census.  At the meet and confer, please be prepared to discuss whether or not there is a current Census Bureau employee who can testify regarding this topic for the 1990 Census.

4.  With respect to Defendants' objections to topic 15, we will reformulate and narrow the request to be "The current estimate of the Census Bureau's Population Estimates Program for the population of the United States at present and its projection for United States population at the time the apportionment calculation will be conducted, including breakdown of this information by metropolitan and micropolitan statistical areas, counties, cities, and towns. And general information about the process by what these numbers are calculated." To facilitate the Census Bureau's ability to provide this information, Plaintiffs would be willing to accept a proposed stipulation with the data as to the numbers themselves.

5.  With respect to Defendants' Title 13 objections to topics 17 and 20, we are prepared to discuss the specific Title 13 concerns.  We note that significant ACS data has been publicly released, and additional data for the 2017 ACS is scheduled to be released in early September.  We would also suggest that any Title 13 covered information should be submitted immediately to the DRP for review.

6.  With respect to Defendants' objections to topic 18, Plaintiffs agree to narrow the scope of discussion about the CPS as follows: "Current Population Survey results since January 1, 2015, including any analysis of unit and item non-response rates, with breakdowns by demographic group and geography."  Dr. Abowd knowledgeably discussed the CPS during the August 15 deposition.  In the event he is not able to discuss in detail, the Census Bureau should produce a witness with sufficient knowledge.

7.  With respect to Defendants' objections to topic 20, Plaintiffs agree to reformulate the topic to "Census Barriers, Attitudes and Motivators Surveys (CBAMS) in preparation of the 2010 Decennial Census and in preparation for the 2020 Decennial Census."  Given the Census Bureau's reliance on data from the 2010 census in analyzing the potential addition of a citizenship question, we think that the information from CBAMS for 2010 census is relevant to matters at issue in this case.

As for the current CBAMS, Dr. Abowd already mentioned an August 3, 2018 report about this work and also there have been several public presentations (in Nov. 2017 and May 2018) about the results from focus group work that the Census Bureau has been conducting in relation to the 2020 Decennial Census.  To the extent Dr. Abowd is not able to discuss this topic, the Census Bureau should produce a witness with sufficient knowledge.

8.  Plaintiffs withdraw topics 1, 2, 3 & 4.

We trust these positions address the overwhelming majority of issues Defendants have raised and have significantly narrow the remaining issues.  As we indicated on Friday, all counsel who need to participate from the Plaintiffs' side will be available to meet and confer about the full agenda we have proposed during the lunch break on Monday.

Best regards,

John

_____
John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

---

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

# EXHIBIT 5

**From:** Bailey, Kate (CIV)
**Sent:** Monday, August 27, 2018 11:45:02 PM
**To:** zzz.External.DHo@aclu.org; Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; SBrannon@aclu.org; PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters
**Sensitivity:** Normal
**Attachments:**
Rule 502(d) Order.docx ; Joint Motion for Rule 502(d) Order.docx

---

Counsel—

The depositions of Karen Dunn Kelley and Earl Comstock will be attended by myself, Josh Gardner, David Dewhirst, and Mike Walsh. The Census Bureau 30(b)(6) deposition will be attended by Dr. Abowd, Stephen Ehrlich, Carlotta Wells, and Michael Cannon.

We are ready to produce to you another batch of documents from DOJ and an accompanying privilege log, but we need to first secure a clawback agreement. Attached to this email is a proposed agreement and joint motion. Please review and let us know if you have any concerns; we'd like to get this on file ASAP so we may promptly overnight you additional responsive documents.

Regarding the points below, your email contains several misstatements of the positions we took in our August 21 meet and confer. For example, I represented on that call our position that we have searched the appropriate custodians based on each individuals' involvement (or lack thereof) in the process. I also represented our position that the search terms selected were designed to capture responsive documents in a manner proportional to the needs of the case, and that the search terms you proposed would be overbroad and would likely pull in a large number of materials unrelated to the issues presented in this litigation.

In response to your questions and your representation that you believed, based on the materials we have produced, that some individuals had more-substantial involvement, we agreed to confirm with the agency the role of a smaller group of "priority" individuals and to *consider* whether those individuals are likely to have responsive and relevant information the production of which would be proportional to the needs of this case. But **we did not agree to perform new searches either on additional custodians or using additional search terms for those custodians whose materials we've already searched.** I would also point out that the fact that a particular individual "was . . . involved in Dr. Abowd's analysis," or "is on roughly 50 emails already in the record" does not, by itself, indicate that a particular individual should be included as a custodian. Both Dr. Abowd's and Dr. Jarmin's files and emails were searched, as well as those of Secretary Ross's advisors within Commerce, and any relevant information provided by your proposed custodians to those individuals already has been produced. Consistent with my representation last week, we will consult with the agency on the level of involvement of the individuals you've identified, but we do not at this time agree to add custodians.

Furthermore, we do not agree to search all custodians for "concepts" such as "aliens," "illegals," and "undocumented." The decision at issue concerns a question on citizenship, not legal status, and including such terms would be irrelevant and disproportionate to the case. We similarly believe that the sparse references to Steve Bannon, James McHenry, Gene Hamilton, and Marc Neumann within the record do not justify re-searching all custodians to search for these names. These individuals may interact with the Department on matters unconnected to citizenship and the census. And any responsive materials would also contain the terms we used, including "citizenship" and "census," and have been produced. In particular, we disagree with your contention that "Mr. Bannon played a large role in precipitating the addition of the question." Also inaccurate is your assertion that "Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question"; **the memo in question did not mention EOIR, and it is not clear that Mr. McHenry even worked in that office during the relevant timeframe.**

Additionally, I confirmed that the names Kris Kobach, Jeff Sessions, and John Gore have been searched. **I did not make any representations regarding "variants" of those names, nor did I agree to "run such terms for new custodians."**

Regarding the documents submitted for Title XIII review, the DRB has completed its review for one tranche of 22 documents, and review of the remaining documents is pending. We expect to provide an update on the first tranche shortly, including providing updated versions of the documents as appropriate, and we anticipate having a better understanding of the timing for the remaining documents later this week.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

**From:** Dale Ho [mailto:dho@aclu.org]
**Sent:** Monday, August 27, 2018 5:44 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** 'Colangelo, Matthew' <Matthew.Colangelo@ag.ny.gov>; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)' <Elena.Goldstein@ag.ny.gov>; 'Saini, Ajay' <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <Dylan.Young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel,

We write to address three topics.

First, can you provide the names of attendees for each of the depositions this week?

Second, can you provide dates of availability for Mr. Gore and timing on production of his documents, including a privilege log? It has now been 10 days since the court's order compelling Mr. Gore's deposition.

Third, we are writing to follow up on our August 21 meet and confer.

1. This will serve to confirm your representation that the Government has produced all records from the "secured share drive" referenced in Mr. Cannon's declaration and did not limit the production from that folder to specific search terms. Please let us know immediately if that understanding is inaccurate.

2. We had understood that from the discussion on August 21 that the Disclosure Review Board was expected to review the Title 13 assertions on August 23 or 24, and the Government was going to provide an update on August 23 on status. We did not receive this update. Please advise on the status of the review, and when we should expect to receive the additional materials.

3. We have previously noted that we have been unable to find certain materials referenced by Dr. Abowd during his deposition. These are the open issues:

- We understand that the longer version of the white paper referenced by Dr. Abowd on pages 89-90 of the final transcript (pages 83-84 in the rough draft) is included in the documents that you are reviewing and plan to produce. We have not yet received those documents.
- At page 166-167 (formerly 159-161), Dr. Abowd mentioned that he believed that the Census Bureau had done analysis referenced in Secretary Ross' March 26 memo in tables showing the differential response rates for other ACS questions. We do not believe this analysis has been produced.
- At page 179 (formerly page 173), Dr. Abowd testified about his review of drafts of the March 26 memo that does not appear to be privileged. We do not believe these drafts have been produced.
- At page 206-207, Dr. Abowd testified about the August 3 report. We do not believe this has been produced. You agreed to look into this at the meet and confer.
- On additional document that we have not previously raised is the spreadsheet Dr. Abowd testified about at page 315. We do not believe this has been produced.

Each of these documents should be identified in the record or produced immediately, i.e., before the Census Bureau 30(b)(6) deposition.

4. As we agreed to, we have conferred about our concerns about the completeness of the administrative record, we have conferred internally about prioritization of additional custodians and search terms, as well as modifications to Interrogatories 1.d and 1.e.

a. With respect to the interrogatories, we will make the following modifications to 1.d and 1.e to address the issues you raised at the meet and confer.

> 1.d. the date on which the "senior Administration officials" who "previously raised" reinstating the citizenship question first raised this subject <u>with SECRETARY ROSS or with COMMERCE</u>;
> 1.e. all PERSONS with whom, <u>to the knowledge of COMMERCE and SECRETARY ROSS,</u> the "senior Administration officials had previously raised" reinstating the citizenship question.

Please confirm that the Department of Commerce and Secretary Ross will now respond to the interrogatories under these modified requests, and please also provide a date by which you will provide your responses.

b. With respect to additional custodians to search, we ask that you prioritize the following custodians:

- Victoria Velkoff:  She was heavily involved in the analysis performed by Dr. Abowd's team.
- David Raglin:  Like Ms. Velkoff, he was heavily involved in Dr. Abowd's analysis.
- Eric Branstad:  He served as a point person in communicating with DOJ about the addition of the citizenship question.  He was also on the email where Mr. Comstock informed Secretary Ross that "illegal aliens" are counted for purposes of redistricting.
- David Langdon:  He plays an active role in a number of early emails about adding the citizenship question (including AR 3685, 3686, 3702, 3888).
- Sahra Park-Su:  She is on roughly 100 emails already in the record about adding the question, and participated at the August 29 meeting with Comstock.
- Brian Lenihan: He is on roughly 50 emails already in the record about adding the question.
- Aaron Willard: He is on roughly 50 emails already in the record about adding the question.

At the present time, we are willing to postpone requesting the addition of Fotnenot, Treat, Dinwiddle, Whitehorne, Herbst, and Semsar as custodians, reserving all rights as we obtain additional discovery.

Please confirm that you will search the additional custodians requested above, and please also provide a date by which you will produce responsive materials from these additional custodians.

c.  With respect to search terms:

1. All custodians should be searched for concepts referencing immigrants such as "aliens," "illegals," and "undocumented";

2. All custodians should be searched for the following names:
- Steve Bannon (and variants of his name): It is clear that Mr. Bannon played a large role in precipitating the addition of the question, and certainly as large a role as Kris Kobach, who you have already included as a search term.
- James McHenry (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question.
- Eugene (Gene) Hamilton (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. Hamilton about the possibility of DHS requesting addition of the question.
- Marc Neuman (and variants of his name):  The records demonstrates that he was involved in ongoing discussions with senior Commerce leadership about adding the question.

For now, we are willing to forego adding Mary Blanche Hankey and Danielle Cutrona as search terms, reserving all rights as we obtain additional discovery.

3. This will confirm that you represented that the Government has previously searched variants of Kris Kobach, Jeff Sessions, and John Gore for previously searched custodians, and will run such terms for new custodians.

Please confirm that you will add the additional search terms requested above, and please also provide a date by which you will produce responsive materials.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Sunday, August 19, 2018 3:39:56 PM
**To:** Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Dale Ho; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Thank you, John, for the thorough and prompt response. As an initial matter, we agree that this at least substantially narrows the parties' disagreement as to the proper scope of the 30(b)(6) deposition.

We will share and discuss this with our client as soon as possible, but it will not be possible to do so before the 9am start to Dr. Jarmin's deposition tomorrow, which means we will not be able to meet and confer during the lunch break. We intend to have a response quickly thereafter.

Kate

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: "Freedman, John A." <John.Freedman@arnoldporter.com>
Date: 8/19/18 1:03 PM (GMT-05:00)
To: "Bailey, Kate (CIV)" <katbaile@CIV.USDOJ.GOV>, "Coyle, Garrett (CIV)" <gcoyle@CIV.USDOJ.GOV>, "Federighi, Carol (CIV)" <CFederigi@CIV.USDOJ.GOV>, "Kopplin, Rebecca M. (CIV)" <rkopplin@CIV.USDOJ.GOV>, "Halainen, Daniel J. (CIV)" <dhalaine@CIV.USDOJ.GOV>, "Tomlinson, Martin M. (CIV)" <mtomlins@CIV.USDOJ.GOV>, "Ehrlich, Stephen (CIV)" <sehrlich@CIV.USDOJ.GOV>
Cc: "Colangelo, Matthew'" <Matthew.Colangelo@ag.ny.gov>, "Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'" <Elena.Goldstein@ag.ny.gov>, "Saini, Ajay'" <Ajay.Saini@ag.ny.gov>, DHo@aclu.org, SBrannon@aclu.org, PGrossman@nyclu.org, "Bauer, Andrew" <Andrew.Bauer@arnoldporter.com>, "Gersch, David P." <David.Gersch@arnoldporter.com>, "Grossi, Peter T." <Peter.Grossi@arnoldporter.com>, "Weiner, David J." <David.Weiner@arnoldporter.com>, "Young, Dylan Scot" <Dylan.Young@arnoldporter.com>, "Kelly, Caroline" <Caroline.Kelly@arnoldporter.com>
Subject: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel --

Per my email on August 17, these are responses to the objections to the Census Bureau Rule 30(b)(6) topics identified in the Defendants' August 15 letter.

1.  Per Defendants' objections to topic 5 that the list includes Commerce Department documents, Plaintiffs withdraw topics 5.f & 5.g.  If there are other documents that are not Census Bureau documents, please identify them.  The remaining documents all appear to be Census Bureau documents, and Dr. Abowd testified about many of them during his August 15 deposition.

2.  Per Defendants' objections to topics 11 & 12, Plaintiffs withdraw topics 11 and 12.a and 12.b.  Topics 12.c-12.f concern the Census Bureau's adherence to the relevant agency directives, guidelines and policies during its consideration of adding the citizenship question to the Decennial Census.  The witness will not be asked for legal interpretations of these standards.

3.  With regard to Defendants' objections to topic 13, we understand the Census Bureau is prepared to provide a witness to discuss the designated topic for the 2000, 2010 and 2020 Census.  At the meet and confer, please be prepared to discuss whether or not there is a current Census Bureau employee who can testify regarding this topic for the 1990 Census.

4.  With respect to Defendants' objections to topic 15, we will reformulate and narrow the request to be "The current estimate of the Census Bureau's Population Estimates Program for the population of the United States at present and its projection for United States population at the time the apportionment calculation will be conducted, including breakdown of this information by metropolitan and micropolitan statistical areas, counties, cities, and towns. And general information about the process by what these numbers are calculated." To facilitate the Census Bureau's ability to provide this information, Plaintiffs would be willing to accept a proposed stipulation with the data as to the numbers themselves.

5.  With respect to Defendants' Title 13 objections to topics 17 and 20, we are prepared to discuss the specific Title 13 concerns.  We note that significant ACS data has been publicly released, and additional data for the 2017 ACS is scheduled to be released in early September.  We would also suggest that any Title 13 covered information should be submitted immediately to the DRP for review.

6.  With respect to Defendants' objections to topic 18, Plaintiffs agree to narrow the scope of discussion about the CPS as follows: "Current Population Survey results since January 1, 2015, including any analysis of unit and item non-response rates, with breakdowns by demographic group and geography."  Dr. Abowd knowledgeably discussed the CPS during the August 15 deposition.  In the event he is not able to discuss in detail, the Census Bureau should produce a witness with sufficient knowledge.

7.  With respect to Defendants' objections to topic 20, Plaintiffs agree to reformulate the topic to "Census Barriers, Attitudes and Motivators Surveys (CBAMS) in preparation of the 2010 Decennial Census and in preparation for the 2020 Decennial Census."  Given the Census Bureau's reliance on data from the 2010 census in analyzing the potential addition of a citizenship question, we think that the information from CBAMS for 2010 census is relevant to matters at issue in this case.

As for the current CBAMS, Dr. Abowd already mentioned an August 3, 2018 report about this work and also there have been several public presentations (in Nov. 2017 and May 2018) about the results from focus group work that the Census Bureau has been conducting in relation to the 2020 Decennial Census.  To the extent Dr. Abowd is not able to discuss this topic, the Census Bureau should produce a witness with sufficient knowledge.

8.  Plaintiffs withdraw topics 1, 2, 3 & 4.

We trust these positions address the overwhelming majority of issues Defendants have raised and have significantly narrow the remaining issues.  As we indicated on Friday, all counsel who need to participate from the Plaintiffs' side will be available to meet and confer about the full agenda we have proposed during the lunch break on Monday.

Best regards,

John

_____
John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.

For more information about Arnold & Porter, click here:
http://www.arnoldporter.com