IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STATE OF NEW YORK, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>    Defendants. | No. 1:18-cv-2921 (JMF) |
| NEW YORK IMMIGRATION COALITION, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF COMMERCE, *et al.*,<br><br>    Defendants. | No. 1:18-cv-5025 (JMF) |

**[PROPOSED] FED. R. EVID. 502(D) ORDER**

  Upon consideration of the parties' joint motion pursuant to Federal Rule of Evidence 502(d) for entry of an order governing the inadvertent production of documents that may be privileged or protected, it is hereby **ORDERED** as follows:

  **I. NO WAIVER BY DISCLOSURE**

  1. The production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any

other proceeding.  This Order applies to the attorney-client privilege, work-product protections, and all other protections afforded by Federal Rule of Civil Procedure 26(b) and governmental privileges.  Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges.  Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

2. This Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2).  That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject-matter waiver of the privilege or protection in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure.  However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

**II. DEFINITIONS**

1. "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2. "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

3. "Party," as used herein, shall be construed to encompass both parties and non-parties that produce documents pursuant to a subpoena issued under Fed. R. Civ. P. 45, including the U.S. Department of Justice.

**III. PROCEDURES**

The procedures applicable to a claim of privilege with respect to a document produced after August 28, 2018 and the resolution thereof shall be as follows:

1. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

  2. If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall promptly give the receiving party notice of the claim of privilege ("privilege notice").

  3. The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as an identification of the privilege asserted and its basis.

  4. If the producing party promptly sends the receiving party a privilege notice, the receiving party shall follow the procedures set forth in Rule 26(b)(5)(B).

  **SO ORDERED**.

Dated: _____  _____
   New York, New York       JESSE M. FURMAN
                   United States District Judge