# Exhibit 1

# Freedman, John A.

| | |
|---|---|
| **From:** | Freedman, John A. |
| **Sent:** | Thursday, August 30, 2018 7:45 PM |
| **To:** | 'Federighi, Carol (CIV)'; zzz.External.DHo@aclu.org; Goldstein, Elena; Bailey, Kate (CIV); Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV) |
| **Cc:** | Colangelo, Matthew; Saini, Ajay; zzz.External.SBrannon@aclu.org; zzz.External.PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline |
| **Subject:** | RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters |
| **Attachments:** | Rule 502(d) Order Edits.docx |

Carol --

Can we talk to see if there is some way we might be able to accommodate your concerns?

I will admit I am confused by your reference to burden, as we are not aware of the Government previously articulating any particular burden associated with any of our requests that we have not tried to accommodate. In particular, we are unclear what aspects of our pending requests you consider uniquely burdensome — and burden is certainly not anything the Government has previously articulated to the Court.

We think our track record is we've been reasonable in accommodating the Government, most recently when we agreed there was no need for the Government to file its overdue answer while our motion to amend is pending. And we are fine accommodating the issue Kate raised to Elena today about the burden with DoJ having to review/produce press clippings. We are also happy to enter into a clawback agreement, and to that end, I have attached our proposed markup (which is fine with us, but is currently circulating among counsel in the other cases) -- we would be happy to discuss this as well -- the main substantive change is that we think it makes more sense to expressly incorporate the procedures specified in Rule 26(b)(5)(B) rather than spell these out. And as I hope I have made clear, we are always willing to discuss any concerns the Government has regarding burden.

Also it would help if you could clarify which of Judge Furman's discovery orders (or which aspects of his orders) that you deem overbroad and/or likely to cause Defendants irreparable harm? And why you can't go back to him with a request for more targeted relief? Or why, if your concern is burden, you wouldn't go to Judge Furman for a protective order rather than seeking mandamus?

So we really think it would be best to talk this through. That is called for by Judge Furman's July 5 order ("[a]ny party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone") as well as Local Rule 37.3(a). If you can let us know some times tomorrow, we would be happy to meet-and-confer then.

Best regards,

John

_____
John A. Freedman

Arnold & Porter

601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

---

**From:** Federighi, Carol (CIV) [mailto:Carol.Federighi@usdoj.gov]
**Sent:** Thursday, August 30, 2018 6:09 PM
**To:** zzz.External.DHo@aclu.org; Goldstein, Elena; Bailey, Kate (CIV); Freedman, John A.; Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** Colangelo, Matthew; Saini, Ajay; zzz.External.SBrannon@aclu.org; zzz.External.PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Dale – Thanks for getting back to me. We will be seeking a stay of all discovery, pending resolution of the mandamus petition, on the grounds that we are likely to prevail on our challenge to Judge Furman's discovery orders in this case and that allowing discovery to go forward in the interim would cause irreparable harm. We are filing in the New York cases only because that is the case in which Judge Furman has issued the broadest discovery orders.

Thanks,
Carol

---

**From:** Dale Ho [mailto:dho@aclu.org]
**Sent:** Thursday, August 30, 2018 5:32 PM
**To:** Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Goldstein, Elena <Elena.Goldstein@ag.ny.gov>; Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Saini, Ajay <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <dylan.young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Carol,

Could you please briefly state the basis for the stay application, and the scope of the stay that you seek - i.e., whether it is to all discovery, or only to some? I assume it is the former, but just want to clarify. And, assuming it is the former, could you state why you are seeking a discovery only in this matter and not in all related cases?

Regards,

**Dale Ho**
*(Pronouns: He/Him/His)*
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St.

2

New York, NY 10004
■ 212.549.2693 ■ dale.ho@aclu.org ■ @dale_e_ho
www.aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Federighi, Carol (CIV) [mailto:Carol.Federighi@usdoj.gov]
**Sent:** Thursday, August 30, 2018 5:12 PM
**To:** Goldstein, Elena; Bailey, Kate (CIV); Dale Ho; Freedman, John A.; Coyle, Garrett (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** Colangelo, Matthew; Saini, Ajay; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Thanks Elena.  To clarify, we will just be filing the motions in the SDNY cases, so I just need the position of the NYIC plaintiffs in 18-5025.  Thanks all.  Carol

---

**From:** Goldstein, Elena [mailto:Elena.Goldstein@ag.ny.gov]
**Sent:** Thursday, August 30, 2018 5:09 PM
**To:** Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Dale Ho <dho@aclu.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Saini, Ajay <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <dylan.young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Carol,

Plaintiffs in 18-cv-2921 will strongly oppose these motions.  To the extent that you wish to ascertain the position of other groups of plaintiffs not included on this email, I'd recommend that you ask them.

Best,
Elena

---

**From:** Federighi, Carol (CIV) <Carol.Federighi@usdoj.gov>
**Sent:** Thursday, August 30, 2018 5:05 PM
**To:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>; Dale Ho <dho@aclu.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <Garrett.Coyle@usdoj.gov>; Kopplin, Rebecca M. (CIV) <Rebecca.M.Kopplin@usdoj.gov>; Halainen, Daniel J. (CIV) <Daniel.J.Halainen@usdoj.gov>; Tomlinson, Martin M. (CIV) <Martin.M.Tomlinson@usdoj.gov>; Ehrlich, Stephen (CIV) <Stephen.Ehrlich@usdoj.gov>
**Cc:** Colangelo, Matthew <Matthew.Colangelo@ag.ny.gov>; Goldstein, Elena <Elena.Goldstein@ag.ny.gov>; Saini, Ajay <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer,

3

Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <dylan.young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel – As we've indicated, we plan to file a mandamus petition shortly, with or shortly after a motion for a stay of discovery pending resolution of the mandamus petition. Our stay motion will be addressed to the district court, following up with a similar stay motion in the Court of Appeals if necessary. Can you please let me know the position of each group of plaintiffs on the two stay motions? Thanks!

Carol
Carol Federighi
Senior Trial Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 514-1903
Email: carol.federighi@usdoj.gov

---

**From:** Bailey, Kate (CIV)
**Sent:** Thursday, August 30, 2018 3:59 PM
**To:** Dale Ho <dho@aclu.org>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** 'Colangelo, Matthew' <Matthew.Colangelo@ag.ny.gov>; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)' <Elena.Goldstein@ag.ny.gov>; 'Saini, Ajay' <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <dylan.young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel,

Thank you for your patience. As I believe you are aware, Defendanfs will be filing shortly a motion for a stay of discovery. In addition, the Court's 7/3 order did not permit third party discovery. Defendants therefore do not consent to this request.

Kate Bailey

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Dale Ho <dho@aclu.org>
Date: 8/30/18 1:30 PM (GMT-05:00)
To: "Bailey, Kate (CIV)" <katbaile@CIV.USDOJ.GOV>, "Freedman, John A." <John.Freedman@arnoldporter.com>, "Coyle, Garrett (CIV)" <gcoyle@CIV.USDOJ.GOV>, "Federighi, Carol (CIV)" <CFederig@CIV.USDOJ.GOV>, "Kopplin, Rebecca M. (CIV)" <rkopplin@CIV.USDOJ.GOV>, "Halainen, Daniel J. (CIV)" <dhalaine@CIV.USDOJ.GOV>, "Tomlinson, Martin M. (CIV)" <mtomlins@CIV.USDOJ.GOV>, "Ehrlich, Stephen (CIV)" <sehrlich@CIV.USDOJ.GOV>
Cc: "'Colangelo, Matthew'" <Matthew.Colangelo@ag.ny.gov>, "'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'" <Elena.Goldstein@ag.ny.gov>, "'Saini, Ajay'" <Ajay.Saini@ag.ny.gov>, Sarah Brannon <sbrannon@aclu.org>, Perry Grossman <PGrossman@nyclu.org>, "Bauer, Andrew" <Andrew.Bauer@arnoldporter.com>, "Gersch, David P." <David.Gersch@arnoldporter.com>, "Grossi, Peter T." <Peter.Grossi@arnoldporter.com>, "Weiner, David J." <David.Weiner@arnoldporter.com>, "Young, Dylan Scot" <dylan.young@arnoldporter.com>, "Kelly, Caroline" <Caroline.Kelly@arnoldporter.com>
Subject: RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel –

We are following up on the request below for your consent to our motion for leave to seek third-party discovery from Kris Kobach.  I believe that Carlotta indicated yesterday after the 30(b)(6) deposition that defendants were likely to consent to this request; we would like to confirm one way or the other by close of business today so that we can state your position in our motion, which we intend to file today.

Regards,

**Dale Ho**
*(Pronouns: He/Him/His)*
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St.
New York, NY 10004
■ 212.549.2693 ■ dale.ho@aclu.org ■ @dale_e_ho
www.aclu.org



*This message may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply email that this message has been inadvertently transmitted to you and delete this email from your system.*

---

**From:** Dale Ho
**Sent:** Tuesday, August 28, 2018 1:47 PM
**To:** Bailey, Kate (CIV); Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

5

Counsel,

Thank you for your email.  Our responses on various items are below -

**Item 2 (Gore deposition and DOJ documents).**  We will review your proposed clawback agreement and get back to you.  We note that you still have not provided dates for Mr. Gore's availability for the weeks of 9/3 and 9/10.

**Item 3(2) (Title 13 review).**  Thank you for your response regarding Title 13 review.  Given that Title 13 review was completed last week for the first tranche of documents, we do not understand why these documents have not yet been produced, particularly in light of the 30(b)(6) deposition tomorrow.  Please produce these documents immediately.

**Item 3(3) (Abowd documents).**  We have not received an explanation as to why these documents have not been produced.  Please produce these documents immediately in light of the 30(b)(6) deposition tomorrow.

In addition to the materials we have previously requested, counsel from one of the other actions has asked that the Government also identify or produce the following:

- The analysis that estimates a 5.8 percentage point differential decrease in self-response caused by the citizenship question, and all related documents and data.  (Abowd Tr. 202-03.)
- Documents concerning field instructions for how hard to press for proxies.  (Abowd Tr. 216.)
- Documents concerning the relationship between self-response rate and net undercount.  (Abowd Tr. 228-29.)
- Documents concerning procedures for whole-person imputation for the 2020 census.  (Abowd Tr. 233.)
- Documents concerning the use of administrative records for imputation for the 2020 census.  (Abowd Tr. 233.)

**Item 3(4)(a) (Interrogatories).**  Please confirm that you will respond to our modified interrogatories and by what date.

**Items 3(4)(b)-(c) (completeness of the record).**  We understand your position that the AR is complete and that you will not perform searches of additional custodians or search terms beyond the ones that you have already conducted.

**Last, we write to request your consent for limited third-party discovery, in the form of a Rule 45 request for production of documents from, and deposition of, Kris Kobach**.  As you know, the Administrative Record reveals that Mr. Kobach was intimately involved in Secretary Ross's decision to add a citizenship question to the 2020 Census.  See AR 763, 764.  The AR includes an email exchange between Mr. Kobach and Wendy Teramoto, and references to at least one conversation between the two of them.

At her deposition on Friday, however, Ms. Teramoto testified that she "ha[s] no idea" who Mr. Kobach is.  In response to the question, "[d]o you recall speaking with Kris Kobach," Ms. Teramoto replied, "[n]ot at all."  She also testified "I have no recollection of ever speaking to him," and that she "had no idea" who Mr. Kobach was at the time of their interactions.  In response to the question "why did you set up a call with him [and] the Secretary," she responded "I don't remember."  She further testified that she "ha[s] no idea" whether there are any notes of Secretary Ross's subsequent conversation with Mr. Kobach.

In light of Mr. Kobach's apparent role in the Secretary's decision to add the citizenship question, and Ms. Teramoto's inability to testify about her interactions Mr. Kobach—including those interactions with Mr. Kobach to which she was the only Commerce Department official who was a party—we intend to seek leave of

the Court to take discovery from Mr. Kobach.  Please confirm whether you will oppose or consent to this request.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693
dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Monday, August 27, 2018 11:42:35 PM
**To:** Dale Ho; Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel—

The depositions of Karen Dunn Kelley and Earl Comstock will be attended by myself, Josh Gardner, David Dewhirst, and Mike Walsh. The Census Bureau 30(b)(6) deposition will be attended by Dr. Abowd, Stephen Ehrlich, Carlotta Wells, and Michael Cannon.

We are ready to produce to you another batch of documents from DOJ and an accompanying privilege log, but we need to first secure a clawback agreement. Attached to this email is a proposed agreement and joint motion. Please review and let us know if you have any concerns; we'd like to get this on file ASAP so we may promptly overnight you additional responsive documents.

Regarding the points below, your email contains several misstatements of the positions we took in our August 21 meet and confer. For example, I represented on that call our position that we have searched the appropriate custodians based on each individuals' involvement (or lack thereof) in the process. I also represented our position that the search terms selected were designed to capture responsive documents in a manner proportional to the needs of the case, and that the search terms you proposed would be overbroad and would likely pull in a large number of materials unrelated to the issues presented in this litigation.

In response to your questions and your representation that you believed, based on the materials we have produced, that some individuals had more-substantial involvement, we agreed to confirm with the agency the role of a smaller group of "priority" individuals and to *consider* whether those individuals are likely to have responsive and relevant information the production of which would be proportional to the needs of this case. But **we did not agree to perform new searches either on additional custodians or using additional search terms for those custodians whose materials we've already searched.** I would also point out that the fact that a particular individual "was . . . involved in Dr. Abowd's analysis," or "is on roughly 50 emails already in the record" does not, by itself, indicate that a particular individual should be included as a custodian. Both Dr. Abowd's and Dr. Jarmin's files and emails were searched, as well as those of Secretary Ross's advisors within Commerce, and any relevant information provided by your proposed custodians to

7

those individuals already has been produced. Consistent with my representation last week, we will consult with the agency on the level of involvement of the individuals you've identified, but we do not at this time agree to add additional custodians.

Furthermore, we do not agree to search all custodians for "concepts" such as "aliens," "illegals," and "undocumented." The decision at issue concerns a question on citizenship, not legal status, and including such terms would be irrelevant and disproportionate to the case. We similarly believe that the sparse references to Steve Bannon, James McHenry, Gene Hamilton, and Marc Neumann within the record do not justify re-searching all custodians to search for these names. These individuals may interact with the Department on matters unconnected to citizenship and the census. And any responsive materials would also contain the terms we have used, including "citizenship" and "census," and have been produced. In particular, we disagree with your contention that "Mr. Bannon played a large role in precipitating the addition of the question." Also inaccurate is your assertion that "Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question"; **the memo in question did not mention EOIR, and it is not clear that Mr. McHenry even worked in that office during the relevant timeframe.**

Additionally, I confirmed that the names Kris Kobach, Jeff Sessions, and John Gore have been searched. **I did not make any representations regarding "variants" of those names, nor did I agree to "run such terms for new custodians."**

Regarding the documents submitted for Title XIII review, the DRB has completed its review for one tranche of 22 documents, and review of the remaining documents is pending. We expect to provide an update on the first tranche shortly, including providing updated versions of the documents as appropriate, and we anticipate having a better understanding of the timing for the remaining documents later this week.

**Kate Bailey**
Trial Attorney
United States Department of Justice
Civil Division – Federal Programs Branch
20 Massachusetts Avenue, NW
Room 7214
Washington, D.C. 20530
202.514.9239 | kate.bailey@usdoj.gov

---

**From:** Dale Ho [mailto:dho@aclu.org]
**Sent:** Monday, August 27, 2018 5:44 PM
**To:** Bailey, Kate (CIV) <katbaile@CIV.USDOJ.GOV>; Freedman, John A. <John.Freedman@arnoldporter.com>; Coyle, Garrett (CIV) <gcoyle@CIV.USDOJ.GOV>; Federighi, Carol (CIV) <CFederig@CIV.USDOJ.GOV>; Kopplin, Rebecca M. (CIV) <rkopplin@CIV.USDOJ.GOV>; Halainen, Daniel J. (CIV) <dhalaine@CIV.USDOJ.GOV>; Tomlinson, Martin M. (CIV) <mtomlins@CIV.USDOJ.GOV>; Ehrlich, Stephen (CIV) <sehrlich@CIV.USDOJ.GOV>
**Cc:** 'Colangelo, Matthew' <Matthew.Colangelo@ag.ny.gov>; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)' <Elena.Goldstein@ag.ny.gov>; 'Saini, Ajay' <Ajay.Saini@ag.ny.gov>; Sarah Brannon <sbrannon@aclu.org>; Perry Grossman <PGrossman@nyclu.org>; Bauer, Andrew <Andrew.Bauer@arnoldporter.com>; Gersch, David P. <David.Gersch@arnoldporter.com>; Grossi, Peter T. <Peter.Grossi@arnoldporter.com>; Weiner, David J. <David.Weiner@arnoldporter.com>; Young, Dylan Scot <Dylan.Young@arnoldporter.com>; Kelly, Caroline <Caroline.Kelly@arnoldporter.com>
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel,

We write to address three topics.

First, can you provide the names of attendees for each of the depositions this week?

Second, can you provide dates of availability for Mr. Gore and timing on production of his documents, including a privilege log?  It has now been 10 days since the court's order compelling Mr. Gore's deposition.

Third, we are writing to follow up on our August 21 meet and confer.

1. This will serve to confirm your representation that the Government has produced all records from the "secured share drive" referenced in Mr. Cannon's declaration and did not limit the production from that folder to specific search terms.  Please let us know immediately if that understanding is inaccurate.

2. We had understood that from the discussion on August 21 that the Disclosure Review Board was expected to review the Title 13 assertions on August 23 or 24, and the Government was going to provide an update on August 23 on status.  We did not receive this update.  Please advise on the status of the review, and when we should expect to receive the additional materials.

3. We have previously noted that we have been unable to find certain materials referenced by Dr. Abowd during his deposition.  These are the open issues:
- We understand that the longer version of the white paper referenced by Dr. Abowd on pages 89-90 of the final transcript (pages 83-84 in the rough draft) is included in the documents that you are reviewing and plan to produce.  We have not yet received those documents.
- At page 166-167 (formerly 159-161), Dr. Abowd mentioned that he believed that the Census Bureau had done analysis referenced in Secretary Ross' March 26 memo in tables showing the differential response rates for other ACS questions.  We do not believe this analysis has been produced.
- At page 179 (formerly page 173), Dr. Abowd testified about his review of drafts of the March 26 memo that does not appear to be privileged.  We do not believe these drafts have been produced.
- At page 206-207, Dr. Abowd testified about the August 3 report.  We do not believe this has been produced.  You agreed to look into this at the meet and confer.
- On additional document that we have not previously raised is the spreadsheet Dr. Abowd testified about at page 315.  We do not believe this has been produced.

Each of these documents should be identified in the record or produced immediately, i.e., before the Census Bureau 30(b)(6) deposition.

4. As we agreed to, we have conferred about our concerns about the completeness of the administrative record, we have conferred internally about prioritization of additional custodians and search terms, as well as modifications to Interrogatories 1.d and 1.e.

a. With respect to the interrogatories, we will make the following modifications to 1.d and 1.e to address the issues you raised at the meet and confer.

> 1.d. the date on which the "senior Administration officials" who "previously raised" reinstating the citizenship question first raised this subject with SECRETARY ROSS or with COMMERCE;
> 1.e. all PERSONS with whom, to the knowledge of COMMERCE and SECRETARY ROSS, the "senior Administration officials had previously raised" reinstating the citizenship question.

Please confirm that the Department of Commerce and Secretary Ross will now respond to the interrogatories under these modified requests, and please also provide a date by which you will provide your responses.

b. With respect to additional custodians to search, we ask that you prioritize the following custodians:

9

- Victoria Velkoff:  She was heavily involved in the analysis performed by Dr. Abowd's team.
- David Raglin:  Like Ms. Velkoff, he was heavily involved in Dr. Abowd's analysis.
- Eric Branstad:  He served as a point person in communicating with DOJ about the addition of the citizenship question.  He was also on the email where Mr. Comstock informed Secretary Ross that "illegal aliens" are counted for purposes of redistricting.
- David Langdon:  He plays an active role in a number of early emails about adding the citizenship question (including AR 3685, 3686, 3702, 3888).
- Sahra Park-Su:  She is on roughly 100 emails already in the record about adding the question, and participated at the August 29 meeting with Comstock.
- Brian Lenihan: He is on roughly 50 emails already in the record about adding the question.
- Aaron Willard: He is on roughly 50 emails already in the record about adding the question.

At the present time, we are willing to postpone requesting the addition of Fotnenot, Treat, Dinwiddle, Whitehorne, Herbst, and Semsar as custodians, reserving all rights as we obtain additional discovery.

Please confirm that you will search the additional custodians requested above, and please also provide a date by which you will produce responsive materials from these additional custodians.

c.  With respect to search terms:

1. All custodians should be searched for concepts referencing immigrants such as "aliens," "illegals," and "undocumented";

2.  All custodians should be searched for the following names:
   - Steve Bannon (and variants of his name): It is clear that Mr. Bannon played a large role in precipitating the addition of the question, and certainly as large a role as Kris Kobach, who you have already included as a search term.
   - James McHenry (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. McHenry about the possibility of EOIR requesting addition of the question.
   - Eugene (Gene) Hamilton (and variants of his name):  Mr. Comstock wrote in his September 8th memo that he had discussions with Mr. Hamilton about the possibility of DHS requesting addition of the question.
   - Marc Neuman (and variants of his name):  The records demonstrates that he was involved in ongoing discussions with senior Commerce leadership about adding the question.

For now, we are willing to forego adding Mary Blanche Hankey and Danielle Cutrona as search terms, reserving all rights as we obtain additional discovery.

3. This will confirm that you represented that the Government has previously searched variants of Kris Kobach, Jeff Sessions, and John Gore for previously searched custodians, and will run such terms for new custodians.

Please confirm that you will add the additional search terms requested above, and please also provide a date by which you will produce responsive materials.

Regards,

Dale Ho
Director, Voting Rights Project
American Civil Liberties Union
125 Broad St., 18th Floor
New York, NY 10004
(212) 549-2693

dale.ho@aclu.org
www.aclu.org

---

**From:** Bailey, Kate (CIV) <Kate.Bailey@usdoj.gov>
**Sent:** Sunday, August 19, 2018 3:39:56 PM
**To:** Freedman, John A.; Coyle, Garrett (CIV); Federighi, Carol (CIV); Kopplin, Rebecca M. (CIV); Halainen, Daniel J. (CIV); Tomlinson, Martin M. (CIV); Ehrlich, Stephen (CIV)
**Cc:** 'Colangelo, Matthew'; 'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'; 'Saini, Ajay'; Dale Ho; Sarah Brannon; Perry Grossman; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline
**Subject:** Re: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Thank you, John, for the thorough and prompt response. As an initial matter, we agree that this at least substantially narrows the parties' disagreement as to the proper scope of the 30(b)(6) deposition.

We will share and discuss this with our client as soon as possible, but it will not be possible to do so before the 9am start to Dr. Jarmin's deposition tomorrow, which means we will not be able to meet and confer during the lunch break. We intend to have a response quickly thereafter.

Kate


Sent from my Verizon, Samsung Galaxy smartphone


-------- Original message --------
From: "Freedman, John A." <John.Freedman@arnoldporter.com>
Date: 8/19/18 1:03 PM (GMT-05:00)
To: "Bailey, Kate (CIV)" <katbaile@CIV.USDOJ.GOV>, "Coyle, Garrett (CIV)" <gcoyle@CIV.USDOJ.GOV>, "Federighi, Carol (CIV)" <CFederig@CIV.USDOJ.GOV>, "Kopplin, Rebecca M. (CIV)" <rkopplin@CIV.USDOJ.GOV>, "Halainen, Daniel J. (CIV)" <dhalaine@CIV.USDOJ.GOV>, "Tomlinson, Martin M. (CIV)" <mtomlins@CIV.USDOJ.GOV>, "Ehrlich, Stephen (CIV)" <sehrlich@CIV.USDOJ.GOV>
Cc: "'Colangelo, Matthew'" <Matthew.Colangelo@ag.ny.gov>, "'Goldstein, Elena (Elena.Goldstein@ag.ny.gov) (Elena.Goldstein@ag.ny.gov)'" <Elena.Goldstein@ag.ny.gov>, "'Saini, Ajay'" <Ajay.Saini@ag.ny.gov>, DHo@aclu.org, SBrannon@aclu.org, PGrossman@nyclu.org, "Bauer, Andrew" <Andrew.Bauer@arnoldporter.com>, "Gersch, David P." <David.Gersch@arnoldporter.com>, "Grossi, Peter T." <Peter.Grossi@arnoldporter.com>, "Weiner, David J." <David.Weiner@arnoldporter.com>, "Young, Dylan Scot" <Dylan.Young@arnoldporter.com>, "Kelly, Caroline" <Caroline.Kelly@arnoldporter.com>
Subject: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters

Counsel --

Per my email on August 17, these are responses to the objections to the Census Bureau Rule 30(b)(6) topics identified in the Defendants' August 15 letter.

1.  Per Defendants' objections to topic 5 that the list includes Commerce Department documents, Plaintiffs withdraw topics 5.f & 5.g.  If there are other documents that are not Census Bureau documents, please identify them.  The remaining documents all appear to be Census Bureau documents, and Dr. Abowd testified about many of them during his August 15 deposition.

2.  Per Defendants' objections to topics 11 & 12, Plaintiffs withdraw topics 11 and 12.a and 12.b.  Topics 12.c-12.f concern the Census Bureau's adherence to the relevant agency directives, guidelines and policies during its consideration of adding the citizenship question to the Decennial Census.  The witness will not be asked for legal interpretations of these standards.

3.  With regard to Defendants' objections to topic 13, we understand the Census Bureau is prepared to provide a witness to discuss the designated topic for the 2000, 2010 and 2020 Census.  At the meet and confer, please be prepared to discuss whether or not there is a current Census Bureau employee who can testify regarding this topic for the 1990 Census.

4.  With respect to Defendants' objections to topic 15, we will reformulate and narrow the request to be "The current estimate of the Census Bureau's Population Estimates Program for the population of the United States at present and its projection for United States population at the time the apportionment calculation will be conducted, including breakdown of this information by metropolitan and micropolitan statistical areas, counties, cities, and towns. And general information about the process by what these numbers are calculated." To facilitate the Census Bureau's ability to provide this information, Plaintiffs would be willing to accept a proposed stipulation with the data as to the numbers themselves.

5.  With respect to Defendants' Title 13 objections to topics 17 and 20, we are prepared to discuss the specific Title 13 concerns.  We note that significant ACS data has been publicly released, and additional data for the 2017 ACS is scheduled to be released in early September.  We would also suggest that any Title 13 covered information should be submitted immediately to the DRP for review.

6.  With respect to Defendants' objections to topic 18, Plaintiffs agree to narrow the scope of discussion about the CPS as follows: "Current Population Survey results since January 1, 2015, including any analysis of unit and item non-response rates, with breakdowns by demographic group and geography."  Dr. Abowd knowledgeably discussed the CPS during the August 15 deposition.  In the event he is not able to discuss in detail, the Census Bureau should produce a witness with sufficient knowledge.

7.  With respect to Defendants' objections to topic 20, Plaintiffs agree to reformulate the topic to "Census Barriers, Attitudes and Motivators Surveys (CBAMS) in preparation of the 2010 Decennial Census and in preparation for the 2020 Decennial Census."  Given the Census Bureau's reliance on data from the 2010 census in analyzing the potential addition of a citizenship question, we think that the information from CBAMS for 2010 census is relevant to matters at issue in this case.

As for the current CBAMS, Dr. Abowd already mentioned an August 3, 2018 report about this work and also there have been several public presentations (in Nov. 2017 and May 2018) about the results from focus group work that the Census Bureau has been conducting in relation to the 2020 Decennial Census.  To the extent Dr. Abowd is not able to discuss this topic, the Census Bureau should produce a witness with sufficient knowledge.

8.  Plaintiffs withdraw topics 1, 2, 3 & 4.

We trust these positions address the overwhelming majority of issues Defendants have raised and have significantly narrow the remaining issues.  As we indicated on Friday, all counsel who need to participate from

the Plaintiffs' side will be available to meet and confer about the full agenda we have proposed during the lunch break on Monday.

Best regards,

John

_____
John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

_____

This communication may contain information that is legally privileged, confidential or exempt from disclosure. If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is strictly prohibited. Anyone who receives this message in error should notify the sender immediately by telephone or by return e-mail and delete it from his or her computer.
_____
For more information about Arnold & Porter, click here:
http://www.arnoldporter.com

IMPORTANT NOTICE: This e-mail, including any attachments, may be confidential, privileged or otherwise legally protected. It is intended only for the addressee. If you received this e-mail in error or from someone who was not authorized to send it to you, do not disseminate, copy or otherwise use this e-mail or its attachments. Please notify the sender immediately by reply e-mail and delete the e-mail from your system.