# Exhibit 2

# Freedman, John A.

| | |
|---|---|
| **From:** | Freedman, John A. |
| **Sent:** | Friday, August 31, 2018 5:11 PM |
| **To:** | 'Federighi, Carol (CIV)'; zzz.External.DHo@aclu.org; 'Goldstein, Elena'; 'Bailey, Kate (CIV)'; 'Coyle, Garrett (CIV)'; 'Kopplin, Rebecca M. (CIV)'; 'Halainen, Daniel J. (CIV)'; 'Tomlinson, Martin M. (CIV)'; 'Ehrlich, Stephen (CIV)' |
| **Cc:** | 'Colangelo, Matthew'; 'Saini, Ajay'; zzz.External.SBrannon@aclu.org; zzz.External.PGrossman@nyclu.org; Bauer, Andrew; Gersch, David P.; Grossi, Peter T.; Weiner, David J.; Young, Dylan Scot; Kelly, Caroline |
| **Subject:** | RE: State of New York v. Department of Commerce, S.D.N.Y 18-CV-2921; NYIC v. Department of Commerce, S.D.N.Y. 18-CV-5025: Various Matters |

Carol --

Thanks for the time to talk today.  To recap our position:

1. We are happy to discuss the scope of the DOJ subpoena, including whether there are accommodations we can make on scope and custodians that would reduce burden on DOJ.  We understand that DOJ has a set of materials ready for production that will be produced once the clawback agreement has been signed, and that approximately 10,000 documents have been collected for review.  We agree there is no need to review or produce press clips (which we understand from Kate are a substantial portion of the 10,000 documents), and we are willing to discuss further whether there are other things that can be done to address DOJ's burden concerns.

2. On the clawback agreement, you indicated you were fine with our proposed edits.  We have asked counsel in the other cases to confirm they are OK with the scope of the proposed order.  At this time we can report the California, San Jose, and LUPE plaintiffs are fine with the agreement.  We will report back when we hear from the Kravitz plaintiffs.

3. On the Census Bureau RFPs, we are still evaluating the objections.  We are working on identifying specific areas for follow up, and will be willing to work with the Defendants to address any concerns about burden associated with the requests.

4. On the Commerce Department RFPs, we understand that rolling productions are still being made in five categories.  We remain willing to work with the Defendants to address any concerns about burden associated with the requests.  Also -- I should be clear that when I made observations to the effect I thought the Commerce Department had completed production, I was referring specifically to the RFP production; as reflected in my recent emails, we have ongoing concerns about the comprehensiveness of the search terms and selection of custodians for purposes of assembling the Administrative Record.

5. We are not willing to consent to a discovery stay, and we believe the mutual exchange of productions should continue and the deposition of John Gore should proceed, as should the briefing on the Kris Kobach deposition.

As discussed, for purposes of your motion to stay discovery, we would ask you include the following statement regarding our position.  "The *New York* and *NYIC* Plaintiffs oppose a discovery stay, and remain willing to work with the Defendants to address or otherwise accommodate any concerns about burden associated with our discovery requests."

Thanks & best regards,

John

_____
John A. Freedman

Arnold & Porter
601 Massachusetts Ave., NW
Washington | District of Columbia 20001-3743
T: +1 202.942.5316
John.Freedman@arnoldporter.com | www.arnoldporter.com

2