USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/07/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                       :

NEW YORK IMMIGRATION COALITION, et al.,    :

                       Plaintiffs,    :       18-CV-5025 (JMF)

                                     :

         -v-                   :     MEMORANDUM OPINION

                                     :       AND ORDER

UNITED STATES DEPARTMENT OF COMMERCE,  :
et al.,

                                     :

                    Defendants.    :

                                     :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      In this action, familiarity with which is assumed, five nongovernmental organizations

challenge the decision of Secretary of Commerce Wilbur L. Ross, Jr. to reinstate a question

concerning citizenship status on the 2020 census questionnaire. *See generally New York v. U.S.

Dep't of Commerce*, 315 F. Supp. 3d 766 (S.D.N.Y. 2018).[1] In their operative Complaint,

Plaintiffs name as Defendants the United States Department of Commerce; Secretary Ross; the

Bureau of the Census (the "Census Bureau"), which is part of the Department of Commerce; and

Acting Director of the Census Bureau, Ron S. Jarmin. (Docket No. 1 ("Orig. Compl.")).

Plaintiffs now move, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to

file an Amended Complaint adding additional defendants and plaintiffs as parties. (Docket No.

98). Specifically, Plaintiffs seek to name as defendants the Department of Justice ("DOJ"), as

well as Attorney General Jefferson Beauregard Sessions III and Acting Assistant Attorney

---

[1]     In a related case, which has been informally consolidated with this one for purposes of
scheduling and discovery, various states, cities, counties, and mayors raise similar claims. (*See*
18-CV-2921, Docket No. 214).

General John Gore in their official capacities (collectively, the "DOJ Defendants"); and as plaintiffs the Family Action Network Movement and the Florida Immigrant Coalition. (*See* Docket No. 99 ("Pls.' Mem."), Ex. 1 ("Proposed Am. Compl.")). Defendants oppose the motion. (Docket No. 108 ("Defs.' Opp'n")). For the reasons that follow, Plaintiffs' motion is DENIED.

Rule 15 provides that courts should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005). A district court, however, "has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[L]eave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss for failure to state a claim." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). To survive a Rule 12(b)(6) motion, a plaintiff must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). More specifically, a plaintiff must allege facts showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If a plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [those claims] must be dismissed." *Id.* at 570.

Applying those standards here, the Court concludes that Plaintiffs' proposed amendments would be futile as to the DOJ Defendants. Plaintiffs propose to bring the same two claims

against the DOJ Defendants that they press against the existing Defendants: first, under the Administrative Procedure Act ("APA"); and second, under the Due Process Clause of the Fifth Amendment. (Proposed Am. Compl. ¶¶ 264-71, 206-10).[2] Plaintiffs' first claim — under the APA — is premised on a letter sent from DOJ to Defendant Jarmin "requesting that the Census Bureau reinstate on the 2020 Census questionnaire a question regarding citizenship." (Proposed Am. Compl. ¶ 226 (internal quotation marks omitted)). Plaintiffs contend that the letter was "a substantial factor in Secretary Ross's decision and ability to add the citizenship question." (Docket No. 115 ("Pls.' Reply Br.") at 6). That contention, however, is in some tension with Plaintiffs' own allegations, which largely depict DOJ as doing Secretary Ross's bidding and providing cover for a decision that he had already made. (*See, e.g.*, Proposed Am. Compl. ¶ 227 (alleging that the DOJ letter was "spurred by several months of efforts by Secretary Ross . . . to make it appear as though DOJ needed census citizenship data"); *id.* ¶ 246 (alleging that "the decision to add the citizenship question had already been made in early 2017, *months before* the DOJ request" (emphasis added))). But be that as it may, any APA claim against the DOJ Defendants would fail because they merely "request[ed]" that the Census Bureau reinstate the citizenship question. (Proposed Am. Compl. ¶ 226). At all relevant times, Secretary Ross retained exclusive authority to grant or deny that request. *See* 13 U.S.C. § 141(a).

Notably, Plaintiffs cite — and the Court has found — no authority for the proposition that a party challenging final agency action under the APA may seek relief from anyone who contributed to the deliberative process leading to that action, let alone someone from another

---

[2] The paragraph numbering in the Proposed Amended Complaint includes two separate sets of paragraphs numbered 197-210. The Proposed Amended Complaint also includes a claim for violation of the Enumeration Clause, U.S. Const., art. I, § 2, cl. 3, but the Court previously dismissed that claim. *See New York*, 315 F. Supp. 3d at 799-806.

agency (or that other agency itself). To the contrary, the APA provides that an "action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer." 5 U.S.C. § 703. And applying that provision, courts have dismissed APA claims brought against those whose conduct, "while underlying" the actions ultimately being challenged, were not themselves "final agency action[s] subject to judicial review." *Serotte, Reich & Wilson, LLP v. Montante*, No. 05-CV-284S (WMS), 2009 WL 3055294, at *6 (W.D.N.Y. Sept. 21, 2009); *see, e.g.*, *Brezler v. Mills*, 220 F. Supp. 3d 303, 306 n.1 (E.D.N.Y. 2016) (dismissing claims under the APA against an intermediate agency and official on the ground that they were not "proper" defendants, but denying a motion to dismiss claims against the "Assistant Secretary of the Navy," who took "the final agency action at issue"). As in those cases, "[e]ach of" the DOJ Defendants' "alleged actions was interlocutory in nature, subject to further review by" the Census Bureau, the Department of Commerce, or Secretary Ross, and did not constitute "final agency action." *Serotte, Reich & Wilson, LLP*, 2009 WL 3055294, at *6. It follows that the DOJ Defendants are not proper defendants under the APA.

Plaintiffs' proposed due process claim fares no better. That claim is futile for the simple reason that Plaintiffs fail to allege any facts plausibly suggesting that the DOJ Defendants acted with the requisite discriminatory intent. As the Court explained in its prior Opinion in this case, Plaintiffs' due process claim "turns on whether they plausibly allege" that Defendants acted with "a 'racially discriminatory intent or purpose.'" *New York*, 315 F. Supp. 3d at 807 (quoting *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)). Plaintiffs fail to do so with respect to the DOJ Defendants. In fact, as noted, Plaintiffs' Proposed Amended Complaint suggests that the DOJ Defendants acted at the behest of Secretary Ross and the Department of Commerce — for example, by quoting an email from an official at DOJ to an

official at the Department of Commerce stating that "it sounds like we can do whatever you all need us to do. . . . The AG is eager to assist." (Proposed Am. Compl. ¶ 250). Plaintiffs ask the Court to infer from the Proposed Amended Complaint that the DOJ Defendants "shared a common purpose [with the original defendants] in seeking to diminish the political power of immigrant communities of color." (Pls.' Reply Br. 10). But put simply, Plaintiffs allege no facts from which one could reasonably make that inference. *See, e.g.*, *Hayden v. Paterson*, 594 F.3d 150, 159, 169 (2d Cir. 2010) (holding that dismissal of the plaintiffs' claim was required because their complaint included "no specific factual allegations of discriminatory intent"); *see also, e.g.*, *Burgis v. N.Y.C. Dep't of Sanitation*, 798 F.3d 63, 68 (2d Cir. 2015) (affirming dismissal of equal protection claims where the "plaintiffs fail[ed] to allege in other than conclusory fashion any specific instances of discrimination with respect to any individual plaintiff or others similarly situated").[3]

Finally, Plaintiffs seek to add the Family Action Network Movement and the Florida Immigration Coalition — two organizations that work on behalf of communities in Florida (*see* Proposed Am. Compl. ¶¶ 97-117) — as additional Plaintiffs. Plaintiffs claim that adding these organizations will "serve the interests of justice by allowing the Court to consider the impact of the citizenship question on [Florida]." (Pls.' Mem. 6). Plaintiffs, however, offer no argument in response to Defendants' contention that adding these organizations as plaintiffs would cause undue delay, given that discovery is already well underway. (*See* Defs.' Opp'n 11). Nor do Plaintiffs supply any explanation at all, let alone a compelling explanation, for the two-and-a-half-month delay between the filing of their original Complaint and the Proposed Amended

---

[3]     Because the Court concludes that Plaintiffs' proposed amendments would be futile as to the DOJ Defendants for these reasons, the Court need not and does not address Defendants' alternative arguments for denial of Plaintiffs' motion for leave to amend.

Complaint. On top of that, the lone argument offered by Plaintiffs — that adding Florida plaintiffs would serve the interests of justice — does not hold much water, as Plaintiffs themselves recognize (*see* Pls.' Mem. 6) that one of the existing Plaintiff organizations already alleges injuries on behalf of Floridians. As detailed in the operative Complaint, the American-Arab Anti-Discrimination Committee ("ADC") includes members in Florida, and Plaintiffs expressly assert that the citizenship question will harm ADC members in "Miami-Dade, Broward, and Orange Counties, Florida, [because] the differential undercount will cause ADC's members to be placed in malapportioned congressional and state legislative districts." (Orig. Compl. ¶ 36). Thus, the Court concludes that adding the new proposed plaintiffs would result in undue delay and would not serve the interests of justice.

Accordingly, Plaintiffs' motion to file an amended complaint is DENIED.[4] Notably, that result may not have much practical impact on Plaintiffs' claims or how the Court ultimately resolves them. First, Plaintiffs seek the same relief in their original Complaint and the Proposed Amended Complaint — namely, (1) a declaratory judgment that the reinstatement of the citizenship question is unconstitutional and a violation of the APA and (2) an injunction against the inclusion of the question (*compare* Orig. Compl. at 67, *with* Proposed Am. Compl. at 104)) — relief that can be granted only by the existing Defendants. Second, DOJ's conduct is ultimately within the scope of the Court's review of Secretary Ross's final decision, as the APA

_____

[4]     Plaintiffs indicate in a footnote that their Proposed Amended Complaint "also updates information about the existing Plaintiffs using primarily information from the declarations filed along with Plaintiffs' opposition to the motion to dismiss." (Pls.' Mem. 6 n.1). The parties' briefing does not address those proposed changes. To the extent that Plaintiffs still wish to amend their Complaint to make those changes, Plaintiffs shall, within **one week** of the date of this Memorandum Opinion and Order, provide Defendants with a new Proposed Amended Complaint and a redlined document reflecting their proposed changes. Within **one week** of that production, the parties should confer and submit a joint letter advising the Court whether Defendants would oppose those amendments and, if so, proposing a briefing schedule.

provides that "[a] preliminary, procedural, or intermediate agency action . . . is subject to review on the review of the final agency action."  5 U.S.C. § 704; *see also Serotte, Reich & Wilson, LLP*, 2009 WL 3055294, at *6.  And third, in part because of ADC's involvement in the case, the Court can presumably consider the impact of Defendants' conduct on Florida and grant relief that would extend to Florida even in the absence of the proposed new Plaintiffs.  But whether that is the case or not, there is no basis to add the DOJ Defendants as new defendants and the Family Action Network Movement and the Florida Immigration Coalition as new plaintiffs.

The Clerk of Court is directed to terminate Docket No. 98.

SO ORDERED.

Date:   September 7, 2018
        New York, New York

_____
JESSE M. FURMAN
United States District Judge