September 10, 2018

The Honorable Jesse M. Furman
United States District Court for the Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

> RE: Plaintiffs' letter-motion to compel deposition in *State of New York, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-2921 (JMF), and *New York Immigration Coalition, et al. v. U.S. Dep't of Commerce, et al.*, 18-CV-5025 (JMF).

Dear Judge Furman,

Plaintiffs write pursuant to Rule 2(C) of this Court's Individual Rules to request a discovery conference with the Court or an order compelling Defendants to make Secretary of Commerce Wilbur L. Ross, Jr., available for deposition. Plaintiffs have been unable to resolve this dispute through good faith meet-and-confer efforts with Defendants' counsel.

In authorizing discovery on July 3, 2018, the Court reserved decision on whether Secretary Ross's deposition would be allowed: "[A]lthough I suspect there will be a strong case for allowing a deposition of Secretary Ross himself, I will defer that question to another day." 7/3 Tr. at 86-87. The Court directed the parties to raise the issue "when it is both ripe but also timely and would allow for an orderly resolution." *Id.* at 87. Through discovery, Plaintiffs have confirmed that the Secretary's deposition is essential.

Compelled testimony of high-ranking government officials is justified under "exceptional circumstances." *Lederman v. N.Y. City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013). Plaintiffs may satisfy this standard by demonstrating one of several alternative showings, including (1) "that the official has unique first-hand knowledge related to the litigated claims," *or* (2) "that the necessary information cannot be obtained through other, less burdensome or intrusive means." *Id.*; *see* ECF 124 at 10. Plaintiffs can demonstrate exceptional circumstances under either of these grounds.

*1. Secretary Ross has unique, first-hand knowledge related to the claims.* The Secretary has direct knowledge of key events based on his own personal participation in critical conversations and steps in the decisional process, the substance of which are not memorialized in the Administrative Record. For example:

- After testifying to Congress that "[t]he Department of Justice . . . initiated the request for inclusion of the citizenship question,"[1] the Secretary acknowledged that the issue originated nearly a year before Commerce received the DOJ request. AR 1321 (18-cv-2921 ECF 189).
- The Secretary's early interactions regarding the citizenship question reflect a concern for reducing representation of immigrant communities, not Voting Rights Act enforcement; and indicate a White House imperative, not a DOJ request. *See* Ex. 1.

---

[1] *Hearing on Recent Trade Actions, Including Section 232 Determinations on Steel & Aluminum: Hearing Before the H. Ways & Means Comm.*, 115th Cong. 24 (Mar. 22, 2018), at 2018 WLNR 8951469.

1

- Well before the DOJ request, the Secretary spoke with a number of third parties regarding the citizenship question, including Mark Neuman and Kris Kobach.  *See* Ex. 2; Ex. 3.
- To solicit the request from DOJ, the Secretary spoke directly with Attorney General Sessions on at least two occasions.  *See* Ex. 4; Ex. 5.

The Secretary has personal, first-hand knowledge of the circumstances and reasons for this initial consideration of the citizenship question in early 2017, and of the pretextual nature of the reasons that have been publicly proffered for the addition of the citizenship question. Ex. 1.  He was a direct participant in conversations to solicit the request, and can testify as to details.  Ex. 4; Ex. 5.  Information regarding these events goes directly to Plaintiffs' APA and equal protection claims because it is relevant to showing an irregular process, political interference, disregard for the views of professional subject-matter experts, pretext, and discriminatory animus.

The Secretary's three closest and most senior advisors who advised on the citizenship question – Chief of Staff Wendy Teramoto, Acting Deputy Secretary Karen Dunn Kelley, and Policy Director / Deputy Chief of Staff Earl Comstock – themselves testified dozens of times that the Secretary was privy to unique, first-hand information central to these claims.[2]  Because the Secretary has first-hand knowledge regarding the decision to add the citizenship question, and the details of the process he followed to reach that decision, Plaintiffs should be permitted to depose him.  *See, e.g.*, *Sherrod v. Breitbart*, 304 F.R.D. 73, 76 (D.D.C. 2014) (authorizing deposition of Secretary of Agriculture where "[i]t is clear . . . [he] has personal knowledge that is directly relevant to the claims and defenses"); *see also Fish v. Kobach*, 320 F.R.D. 566, 579 (D. Kan. 2017) (authorizing deposition of the Kansas Secretary of State where "[o]nly he can explain his thought processes . . . and his subsequent related actions"); *United States v. City of New York*, No. 07-cv-2067 (NGG) (RLM), 2009 WL 2423307, at *2-3 (E.D.N.Y. Aug. 5, 2009) (authorizing Mayor's deposition where his congressional testimony "suggests his direct involvement in the events at issue").

*2. The necessary information cannot be obtained through less burdensome means.*  In addition, although the Court is not required to consider whether there are "less burdensome means" to obtain the information in Secretary Ross's possession, *see Lederman*, 731 F.3d at 203, the Secretary's deposition is warranted because the information he possesses cannot be obtained from another source or through a less intrusive manner.

Plaintiffs have already deposed three of the Secretary's closest advisors.  All three individuals repeatedly disclaimed knowledge of the Secretary's conversations and key facts regarding the Secretary's decision.  For example, no witness has been able to:

- identify the "other senior Administration officials" who "previously raised" the idea of adding a citizenship question to the census prior to the Secretary's own consideration of the issue, as referenced in the Secretary's June 21, 2018 supplemental memorandum.  *See* Ex. 6, Teramoto Dep. Tr. at 101 ("You would have to ask Secretary Ross."); Ex. 7, Kelley Dep. Tr. at 71-73; Ex. 8, Comstock Dep. Tr. at 111-13 ("You'd have to ask the Secretary.").

---

[2] *See, e.g.*, Ex. 6 (Teramoto Dep. Tr. at 32-33, 46, 66-67, 82-86, 100-01, 107, 118-20, 162-64, 167-68, 209-10); Ex. 7 (Kelley Dep. Tr. at 57-58, 70-73, 75-77, 88-90, 145-48, 312-14, 320-21); Ex. 8 (Comstock Dep. Tr. at 54-55, 65-71, 111-13, 115-18, 134-35, 146, 190-91, 205-07, 251-69, 285-86).

- testify about the substance and details of the Secretary's early conversations regarding the citizenship question with Attorney General Sessions or third parties such as Kris Kobach and Mark Neuman. *See* Ex. 6 at 82-86, 119-20, 167-68; Ex. 7 at 57-58; Ex. 8 at 205-07.
- testify about the Secretary's purpose in insisting that a citizenship question be added to the 2020 Census, contrary to the repeated and consistent recommendations of the Census Bureau. *See* Ex. 6 at 32; Ex. 8 at 254-55, 259-60.

Aside from the Secretary, there is no other source who can testify regarding his thought processes, key conversations that informed or reflected those thought processes, and subsequent actions. *See, e.g.*, *Sherrod*, 304 F.R.D. at 76 ("[T]he Secretary has information not available elsewhere. The Secretary alone has precise knowledge of what factors he considered . . . .").

Defendants have suggested that Plaintiffs could instead "serve interrogatories requesting the information [Plaintiffs] wish to ask Secretary Ross." Ex. 9. Courts authorizing the deposition of high-ranking officials have routinely held that written discovery is neither inherently less burdensome than a deposition, nor does it effectively substitute for deposition testimony.[3] Moreover, Defendants' incomplete responses to the interrogatories Plaintiffs served two months ago make clear that interrogatories will not substitute for a deposition of the Secretary here. As discussed in Plaintiffs' fifth and seventh letter-motions to compel (ECF 117, 137), for two months Secretary Ross has steadfastly refused to identify the "other senior Administration officials" who first "previously raised" adding the citizenship question, as described in his June 2018 supplemental memorandum. Defendants initially responded that they "have not to date been able to identify individuals responsive to this request," Ex. 3; and in a supplemental response, Defendants again refused to identify any officials who "previously raised" the citizenship question, instead referring to the *subsequent* consultations already identified. Ex. 5. Defendants' intransigence regarding a single straightforward interrogatory demonstrates that written discovery is not an effective substitute for the Secretary's deposition.[4]

*3. The public interest is best served by compelling the Secretary's testimony.* The underlying purpose of the heightened standard for deposing high-ranking officials is to avoid interference with "the primary functions of the government." *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 1998 WL 132810, at *3 (S.D.N.Y. Mar. 23, 1998). Here, as Secretary Ross has acknowledged, effective administration of the census *is* one of his "primary functions."[5] It is manifestly in the public interest that the census be transparent, effective, and nondiscriminatory. *See* ECF 124 at 8. It would be hard to conceive of a *more* appropriate use of the Secretary's time, consistent with "[t]he open nature of the census enterprise," *id.*, than to testify regarding the justification for his consequential decision to add the citizenship question.

Secretary Ross's testimony should be compelled.

---

[3] *See Sherrod*, 304 F.R.D. at 76 ("[W]ritten questions lack the flexibility of oral examination . . . which allows the questioner to adjust on the fly . . . while still satisfying himself . . . that a particular line of inquiry has been exhausted."); *see also Fish*, 320 F.R.D. at 579; *City of New York*, 2009 WL 2423307, at *3.

[4] If the Court decides that Plaintiffs should proceed by written discovery, Plaintiffs request that the Court lift the limit on Plaintiffs' interrogatories, and order expedited responses before the October 12 close of discovery.

[5] *Hearing on the 2020 Census: Hearing Before the H. Comm. on Oversight & Gov't Reform*, 115th Cong. 6 (Oct. 13, 2017) (testimony of Secretary Ross) ("[A] full, fair and accurate count has been one of my highest priorities").

Respectfully submitted,

BARBARA D. UNDERWOOD
*Attorney General of the State of New York*

By: */s/ Matthew Colangelo*
Matthew Colangelo (MC-1746)
  *Executive Deputy Attorney General*
Elena Goldstein (EG-8586), *Senior Trial Counsel*
Ajay Saini (AS-7014), *Assistant Attorney General*
Office of the New York State Attorney General
28 Liberty Street
New York, NY 10005
Phone: (212) 416-6057
matthew.colangelo@ag.ny.gov

Attorneys for Plaintiffs in 18-CV-2921

ARNOLD & PORTER KAYE SCHOLER LLP
AMERICAN CIVIL LIBERTIES UNION

By:  */s/ John A. Freedman*

| | |
|---|---|
| Dale Ho | Andrew Bauer |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 125 Broad St. | 250 West 55th Street |
| New York, NY 10004 | New York, NY 10019-9710 |
| (212) 549-2693 | (212) 836-7669 |
| dho@aclu.org | Andrew.Bauer@arnoldporter.com |
| | |
| Sarah Brannon* | John A. Freedman |
| American Civil Liberties Union Foundation | Arnold & Porter Kaye Scholer LLP |
| 915 15th Street, NW | 601 Massachusetts Avenue, N.W. |
| Washington, DC 20005-2313 | Washington, DC 20001-3743 |
| 202-675-2337 | (202) 942-5000 |
| sbrannon@aclu.org | John.Freedman@arnoldporter.com |
| | |
| Perry M. Grossman | |
| New York Civil Liberties Union Foundation | |
| 125 Broad St. | |
| New York, NY 10004 | |
| (212) 607-3300 601 | |
| pgrossman@nyclu.org | Attorneys for Plaintiffs in 18-CV-5025 |

* Not admitted in the District of Columbia; practice limited pursuant to D.C. App. R. 49(c)(3).