

**U.S. Department of Justice**

Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

September 11, 2018

**By ECF**

The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Centre Street
New York, New York 10007

Re:  *State of New York, et al., v. U.S. Dep't of Commerce, et al.*, 18-cv-2921
*New York Immigration Coalition, et al., v. U.S. Dep't of Commerce, et al.*, 18-cv-5025

Dear Judge Furman:

Defendants write to address Plaintiffs' sixth letter motion to compel, seeking release of material in 32 documents over which Defendants have claimed deliberative process. No. 18-cv-2921, ECF No. 299; No. 18-cv-5025, ECF No. 123.

**1.  Defendants Are Exercising Their Discretion to Release Certain Deliberative Material.**

Plaintiffs did not contact Defendants in advance of filing their motion, to confer regarding the specific documents as to which they planned to contest Defendants' assertion of deliberative process. Accordingly, Defendants do not believe Plaintiffs' letter motion properly complies with Paragraph 2.C of this Court's Individual Rules of Practice. Nonetheless, once Defendants received the motion and list of contested documents, Defendants reviewed the documents as they would have done during a meet-and-confer process to determine whether they would consider waiving deliberative process privilege in any instance. Pursuant to this review, Defendants have exercised their discretion to release additional material. Specifically, as indicated in the table filed herewith as Exhibit 1, Defendants are releasing Bates Nos. 1403, 3687, 3690, 3702, 3888, 3907, 2474, 2517, 10342, and 10352 in full (aside from the redaction of certain personal information) and are also releasing certain previously redacted parts of Bates Nos. 2160, 2199, 3695, 3698, 3984, 10273, and 10356.

In addition, in conducting its review, Defendants discovered that other copies of redacted documents (Bates Nos. 3990-4001, 11047, and 11048) had already been released in unredacted form and, in one case (Bates No. 2461), that the deliberative process privilege had been erroneously listed on the privilege log for that document, although no such redactions had been made to that document. This additional information is also included in the attached table. In summary, the table thus identifies 17 documents as to which Defendants believe that a dispute legitimately remains; these documents are listed in the attachment to the Declaration of Earl W. Comstock, submitted herewith as Exhibit 2. The released versions of those documents released in part are submitted herewith as Exhibit 3.

**2.  Defendants Have Properly Redacted Deliberative Process Material from the Remaining 17 Documents at Issue and the Privilege Should Not Be Overcome.**

In light of Defendants' release of complete and/or re-redacted versions of many of the documents at issue, many of Plaintiffs' claims (specifically, with regard to the documents now being released in full, or with all responsive portions released) are now moot. Defendants continue to assert, however, that the remaining withheld material in the documents at issue is protected by the deliberative process privilege[1] and that Plaintiffs have not shown that their need for the documents outweighs the harm to the deliberative process from release of the documents.

The deliberative process privilege is a subset of executive privilege and protects from disclosure documents "reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975). This privilege arises out of a recognition "that it would be impossible to have any frank discussion legal or policy matters in writing if all such writings were to be subjected to public scrutiny." *EPA v. Mink*, 410 U.S. 73, 87 (1973). For a document to be protected by the deliberative process privilege, it must be: "(1) an inter-agency or intra-agency document; (2) 'predecisional'; and (3) deliberative." *Tigue v. U.S. Dep't of Justice*, 312 F.3d 70, 76 (2d Cir. 2002). The 17 documents at issue clearly meet that standard, as Plaintiffs concede.

As this Court has previously recognized, the deliberative process privilege may be overcome in certain circumstances where "the litigation 'involves a question concerning the intent of the governmental decisionmakers or the decisionmaking process itself.'" *In re Delphi Corp*, 276 F.R.D. 81, 85 (S.D.N.Y. 2011); *see* No. 18-cv-2921, ECF No. 241, at 2. Whether this exception applies is assessed under a five-factor balancing test that weighs "(1) the relevance of the evidence the agency seeks to protect; (2) the availability of other evidence; (3) the seriousness of the litigation; (4) the role of the agency in the litigation; and (5) the possibility that disclosure will inhibit future candid debate among agency decision-makers." Plaintiffs do not contest that the information at issue is covered by the deliberative-process privilege, *i.e.*, that it is both predecisional and deliberative. They argue only that the five-factor balancing test "weighs in favor of disclosure" of this material, notwithstanding its privileged nature. Plaintiffs are wrong. There is no evidence that the withheld material is of relevance to the litigation or that the information contained therein is unavailable from other sources, and the possibility that disclosure will inhibit future candid debate among agency decision-makers weighs against disclosure.

Plaintiffs' assertions are mistaken that the remaining documents or portions of documents for which Defendants continue to assert privilege will reveal "whether Defendants acted with discriminatory intent toward immigrant communities, whether Defendants acted under political pressure, and whether they created a pretext to justify their decision." The material withheld that appears in these documents may generally be characterized into three broad categories – drafts, handwritten notes, and predecisional deliberative discussion among DOC personnel. Plaintiffs do not explain how draft responses to reporters and proposed revisions to such responses, draft responses to Congress, or draft congressional testimony could reveal anything about the reasons for the decisionmaker's underlying decision. Likewise, the early draft legal memorandum, the draft alternatives analysis, the individual employee's handwritten notes, and employees' comments on conversations with others in the early stages of the decisionmaking process represent predecisional

---

[1] One document, the attachment referenced in Bates No. 2461, is also being withheld pursuant to the attorney-client privilege. Plaintiffs' letter does not make it clear whether they are actually seeking release of that document and, in any event, they do not challenge the assertion of attorney-client privilege as to this document.

thinking by individual subordinates. Plaintiffs do not explain how they believe any such information from subordinates in the early stages of the decisionmaking process could be relevant to their claims that the ultimate decisionmaker's decision was based on pretext.

Moreover, Plaintiffs do not establish that any information that would be released if the privilege were overridden is essential to their case. *Ford Motor Co. v. United States*, 94 Fed. Cl. 211, 220 (2010) (finding the need for the documents was "'greatly minimized by an available alternative,' which gives [plaintiff] 'the evidence to make out [its] case without forcing a showdown on the claim of privilege.'" (quoting *United States v. Reynolds*, 345 U.S. 1, 11 (1953)); *see also Lemanik, S.A. v. McKinley Allsopp, Inc.*, 125 F.R.D. 602, 608 (S.D.N.Y. 1989) ("[I]t has long been the rule in this Circuit that 'the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so.'") (quoting *In re Surety Ass'n of Am.*, 388 F.2d 412, 414 (2d Cir. 1967)). In numerous filings with the Court to date, most recently in their letter motion to compel the deposition of Secretary Ross (No. 18-cv-2921, ECF No. 314; No. 18-cv-5025, ECF No. 139), Plaintiffs cite to numerous documents that they believe provide evidence of pretext. But any such evidence arises from Plaintiffs' entirely unsupported characterizations of those documents – not the documents themselves. Moreover, there is no evidence that stray bits of withheld, privileged material in the documents at issue will provide Plaintiffs with any more definitive evidence.

On the other hand, as Deputy Chief of Staff and Director of Policy Comstock states, disclosure of the withheld material would discourage open and candid discussion between agency decisionmakers and subordinates. This is especially true where, as here, the notes, opinions and recommendations being withheld have been utilized to make complicated and sensitive decisions related to the decennial census. If agency employees are aware that their opinions, deliberations, and recommendations may be subject to public disclosure, as well as the scrutiny, second guessing, and criticism that would foreseeably follow, the quality and volume of input offered and received with regard to these matters could be adversely affected. Foreseeably, individual employees could be discouraged from sharing a full range of ideas or opinions -- for example, thoughts or opinions that are part of a brainstorming process, that are not necessarily fully formed, or that may later prove erroneous, be unpopular or controversial may no longer be freely offered. In addition, employees could become reluctant to engage in internal debates and disagreements that are critical to healthy decision making, if they believe their drafts could later publicly exposed. Agency officials would thus be hindered in their ability to solicit and receive honest, unfiltered opinions and recommendations -- which, in turn could jeopardize fulsome discussions of the issues, and ultimately, the desired goal of sound decision making. For this reason, the courts routinely sustain the withholding of drafts and documents that reflect the personal opinions or recommendations of individual employees. *See ACLU v. U.S. Dep't of Justice*, 844 F.3d 126, 133 (2d Cir. 2016) (upholding assertion of privilege as to "informal and preliminary" documents); *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999) ("The [deliberative process] privilege protects recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."); *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 148 (S.D.N.Y. 2017) ("Absent extrinsic evidence tending to show the relevance of a particular draft, production of these documents is likely to lead only to wasteful fishing expeditions concerning the identification and deciphering of handwriting and the reasons for immaterial revisions."). *Cf. Allocco Recycling, Ltd. v. Doherty*, 220 F.R.D. 407, 414 (S.D.N.Y. 2004) (stating that notes that are devoted to clarifying the facts and that do not convey personal views, deliberations, or recommendations would not be protected by the privilege).

For these reasons, the Court should affirm Defendants' protection of their privileged materials and deny the Plaintiffs' motion.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

JOSHUA E. GARDNER
CARLOTTA P. WELLS
Assistant Branch Directors, Federal Programs Branch

*/s/ Carol Federighi*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
DANIEL HALAINEN
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-1903
Email:  carol.federighi@usdoj.gov

*Counsel for Defendants*

CC:  All Counsel of Record (by ECF)