

**U.S. Department of Justice**
Civil Division, Federal Programs Branch
20 Massachusetts Avenue NW
Washington, DC 20530

---

**By ECF**                                                                                  September 13, 2018
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

> Re:  *State of New York, et al., v. U.S. Department of Commerce, et al.*, 18-cv-2921 (JMF)
>        *N.Y. Immigration Coalition v. U.S. Dep't of Commerce,* 18-cv-5025 (JMF)

Dear Judge Furman:

    Pursuant to Local Rule 37.2 and Individual Practice 2.C, Defendants write to oppose Plaintiffs' request for a conference or an order compelling additional responses to NYIC Plaintiffs' Interrogatory 1 and to ask the Court to deny as moot Plaintiffs' request to compel production of documents regarding proposed randomized control testing.

    NYIC Plaintiffs' Interrogatory 1 contains four discrete subparts requesting the identity of individuals and one subpart requesting the date on which reinstatement of a citizenship question first was raised within the current administration. *See* NYIC Plaintiffs' Interrogatory 1 *See* Exh. J, Pls.' Seventh Mot. to Compel, ECF No. 313-10. Plaintiffs' interrogatory is premised on the unsupported assumption that in the supplemental memorandum Secretary Ross separately distinguished between "senior Administration officials," "other government officials," and "Federal governmental components."

    On the contrary, as reflected in the interrogatory response, the drafters of the supplemental memorandum and the Secretary did not specifically distinguish between individuals who would fall into these discrete groups. The Commerce Department explained that, in drafting the Secretary's supplemental memo, it "treated the three phrases identified in the subparts of the interrogatory interchangeably and did not intend to treat these three subgroups with the level of specificity that [Plaintiffs] now seek." In other words, Commerce explained that it did not intend to refer to discrete groups of individuals at different points in time. Accordingly, the only way for Commerce to answer Plaintiffs' interrogatory in the most complete manner possible was to treat the three phrases in question as coextensive and to identify, as a single group, individuals within the executive branch but outside the Department of Commerce who discussed the citizenship question before DOJ's December 12, 2017 letter.

    Contrary to Plaintiffs' assertion, Defendants' response does not "ignore their duties under Rule 33 and defy the case law interpreting that Rule," *see* Pls.' Seventh Mot. to Compel, ECF No. 313, at 2, because the rule requires only that parties "furnish the information available to the party," *see* Fed. R. Civ. P. 33(b)(1)(B), and, counsel has been advised, no additional information is available. And Commerce has provided as specific a date range as it can. There is simply no

additional information that Commerce has after a reasonably diligent search to respond to this interrogatory.

Plaintiffs' contention that "deficiencies" in the supplemental interrogatory response "are likely due in part to the fact that the individual who certified the interrogatory responses, Earl Comstock," did not possess personal knowledge on this matter at his earlier fact deposition is equally baseless. The fact that Mr. Comstock may have lacked personal knowledge as to every aspect of the subject of the interrogatory in his capacity as an individual deponent under Rule 30 does not mean that he cannot sign an interrogatory as an officer or agent of a governmental agency based on information furnished to him in his official capacity. *See* Rule 33(b)(1)(B) ("The interrogatories must be answered if that part is . . . a governmental agency, by any officer or agent, who must furnish the information available to the party."); *see Goldberger Co. v. Uneeda Doll Co.*, 2017 WL 3098100, 88 (S.D.N.Y. July 21, 2017) ("Holtzman's personal knowledge at his deposition is different than information he learned as an officer of Goldberger and corporate representative signing interrogatory responses."); *3M Co. v. ACS Indus., Inc.*, 2016 WL 9308317, *3 (D. Minn. Mar. 10, 2016) (holding that corporate agent that signed interrogatories did not need to have personal knowledge); *Chapman & Cole v. Intel Container Intern, B.V.*, 116 F.R.D. 550 (S.D. Tex. 1987) (holding that the phrase "such information as is available to the party" in Rule 33(a) has been construed to mean "all information available to the corporation's officers, directors, employees and attorneys," and thus does not require personal knowledge by the signatory). After Mr. Comstock's deposition, he was furnished with information available to the Commerce Department sufficient for him to sign the interrogatory responses as an officer of the agency. Accordingly, Mr. Comstock's signing of the supplemental interrogatory response is entirely appropriate.

This Court also should deny as moot Plaintiffs' request to compel production of documents regarding randomized control testing and attitudinal research performed by Census Bureau contractors because Defendants provided those materials to Plaintiffs on September 10, 2018, only hours after Plaintiffs filed their Seventh Motion to Compel. *See* Exh. A, Email from Defendants to Plaintiffs' Counsel. Defendants wish to alert the Court that, although Plaintiffs are correct that they first raised this issue during the Census 30(b)(6) deposition on August 29, at no time did Defendants refuse to produce these materials and, in fact, did so on the *seventh* business day following Plaintiffs' request. These documents took considerable time to gather for production and, given the extremely large volume of other discovery demands Defendants have been fielding from Plaintiffs, Defendants believe that a seven business day turnaround on this request was eminently reasonable.

In closing Defendants note that, in addition to the eight motions to compel Plaintiffs have now filed, they have served 45 requests for production, 346 requests for admission, and six interrogatories, and have raised a great many additional discovery disputes that the parties have resolved without Court intervention. Defendants respectfully contend that Plaintiffs have paid little mind to the Court's admonition that "discovery in an APA action, when permitted, 'should not transform the litigation into one involving all the liberal discovery available under the federal rules. Rather, the Court must permit only that discovery necessary to effectuate the Court's judicial review; i.e., review the decision of the agency under Section 706.'" *See* July 3, 2018 Hr'g Trans., at 85.

For these reasons, Defendants respectfully request that this Court deny Plaintiffs' Seventh Motion to Compel.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. GRIFFITHS
Director, Federal Programs Branch

CARLOTTA P. WELLS
Assistant Branch Director

*/s/  Kate Bailey*
KATE BAILEY
GARRETT COYLE
STEPHEN EHRLICH
CAROL FEDERIGHI
MARTIN TOMLINSON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel.:  (202) 514-9239
Fax:  (202) 616-8470
Email: kate.bailey@usdoj.gov

*Counsel for Defendants*

CC:

All Counsel of Record (by ECF)