Case 1:18-cv-05025-JMF Document 150-1 Filed 09/25/18 Page 1 of 2

S.D.N.Y.-N.Y.C.
18-cv-2921
18-cv-5025
Furman, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

  At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand eighteen.

Present:
  Pierre N. Leval,
  Rosemary S. Pooler,
  Richard C. Wesley,
    *Circuit Judges*.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: Sep 25 2018

In Re: United States Department of Commerce, Wilbur L. Ross, in his official capacity as Secretary of Commerce, United States Census Bureau, an agency within the United States Department of Commerce, Ron S. Jarmin, in his capacity as the Director of the U.S. Census Bureau,

    *Petitioners*.

18-2652
18-2659

Petitioners seek a writ of mandamus directing the halt of discovery in two consolidated district court cases. Upon due consideration, it is hereby ORDERED that the mandamus petitions are DENIED, and the stay of the district court's order compelling the deposition of Acting Assistant Attorney General John Gore is LIFTED.

Mandamus is "a drastic and extraordinary remedy reserved for really extraordinary causes." *Balintulo v. Daimler AG*, 727 F.3d 174, 186 (2d Cir. 2013) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004)). "We issue the writ only in 'exceptional circumstances amounting to a judicial usurpation of power or a clear abuse of discretion.'" *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d 30, 35 (2d Cir. 2014) (quoting *Cheney*, 542 U.S. at 380). To obtain mandamus relief, a petitioner must show that (1) it has "no other adequate means to attain the relief [it] desires," (2) "the writ is appropriate under the circumstances," and (3) "the 'right to issuance of the writ is clear and indisputable.'" *Id.* (alteration in original) (quoting *Cheney*, 542 U.S. at 380–81). "Because the writ of mandamus is such an extraordinary remedy, our analysis of whether the petitioning party has a 'clear and indisputable' right to the writ is

CERTIFIED COPY ISSUED ON 09/25/2018

necessarily more deferential to the district court than our review on direct appeal." *Linde v. Arab Bank, PLC*, 706 F.3d 92, 108–09 (2d Cir. 2013).

We assume without deciding that Petitioners do not have another "adequate means to attain the relief" they seek, and that the writ would be "appropriate under the circumstances" if Petitioners were entitled to it. *See Cheney*, 542 U.S. at 380–81 (internal quotation marks omitted). However, mandamus is not warranted here because Petitioners have not persuaded us that their "right to issuance of the writ is clear and indisputable." *Id.* at 381 (internal quotation marks omitted). The district court's discovery orders do not amount to "a judicial usurpation of power or a clear abuse of discretion." *In re Roman Catholic Diocese of Albany, N.Y., Inc.*, 745 F.3d at 35 (quoting *Cheney*, 542 U.S. at 380).

The district court applied controlling case law and made careful factual findings supporting its conclusion that the initial administrative record was incomplete and that limited extra-record discovery was warranted. *See Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997) (stating that, "[d]espite the general 'record rule,'" extra-record discovery "may be appropriate when there has been a strong showing in support of a claim of bad faith or improper behavior on the part of agency decisionmakers or where the absence of formal administrative findings makes such investigation necessary in order to determine the reasons for the agency's choice"). We cannot say that the district court clearly abused its discretion in concluding that plaintiffs made a sufficient showing of "bad faith or improper behavior" to warrant limited extra-record discovery. *See id.*

Nor did the district court clearly abuse its discretion in ordering the deposition of Acting Assistant Attorney General Gore given his apparent authorship of the December 2017 Department of Justice letter. *See Lederman v. New York City Dep't of Parks & Recreation*, 731 F.3d 199, 203 (2d Cir. 2013) (holding that, "to depose a high-ranking government official, a party must demonstrate exceptional circumstances justifying the deposition—for example, that the official has unique first-hand knowledge related to the litigated claims or that the necessary information cannot be obtained through other, less burdensome or intrusive means"). We find no clear abuse of discretion in the district court's determination that Acting Assistant Attorney General Gore's deposition is warranted because he "possesses relevant information that cannot be obtained from another source" related to plaintiffs' allegations that the Secretary used the December 2017 Department of Justice letter as a pretextual legal justification for adding the citizenship question. Addendum at 2; *New York v. U.S. Dep't of Commerce*, 18-CV-2921 (JMF), 18-CV-5025 (JMF), 2018 WL 4279467, at *4 (S.D.N.Y. Sept. 7, 2018).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit