UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
:
STATE OF NEW YORK, et al.,                                                   :
                                                                             :
                              Plaintiffs,                                    :
                                                                             :   18-CV-2921 (JMF)
              -v-                                                            :
                                                                             :   MEMORANDUM
UNITED STATES DEPARTMENT OF COMMERCE, et al.,                                :   OPINION AND ORDER
                                                                             :
                              Defendants.                                    :
                                                                             :
-----------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On July 8, 2019, Defendants filed a "Notice of Motion to Withdraw as Counsel" advising the Court that, "going forward," Defendants "will be represented in this matter by different counsel from the Department of Justice," and seeking leave for eleven attorneys from the Department of Justice — many of whom have represented Defendants since this case began in early 2018 — to withdraw.  18-CV-2921, Docket No. 618; *see* 18-CV-2921, Docket No. 42.[1]  Defendants assert, without elaboration, that they "do not expect that withdrawal of current counsel will cause any disruption in this matter."  18-CV-2921, Docket No. 618.  The same day, Plaintiffs filed a response to Defendants' Notice of Motion.  *See* 18-CV-2921, Docket No. 619.

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel.  Rule 1.4 provides, in relevant part:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order.  Such an order may be granted only upon a

---

[1]  Notably, this is not the first time that lawyers from the Department of Justice have sought to withdraw from this litigation.  In August 2018, lawyers from the United States Attorney's Office for the Southern District of New York — "the office that normally represents the Government in this District" — withdrew as counsel for Defendants.  *New York v. U.S. Dep't of Commerce*, 345 F. Supp. 3d 444, 448 n.2 (S.D.N.Y. 2018); *see* 18-CV-2921, Docket Nos. 227, 233.

> showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

Local Civ. R. 1.4. Thus, when considering whether to grant a motion to withdraw under Rule 1.4, a court must analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *See, e.g.*, *Winkfield v. Kirschenbaum & Phillips, P.C.*, No. 12-CV-7424 (JMF), 2013 WL 371673, at *1 (S.D.N.Y. Jan. 29, 2013). With respect to the latter factor, a court must consider "the posture of the case" and "whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999) (per curiam) (alteration and internal quotation marks omitted).

Measured against those standards, Defendants' motion is patently deficient (except as to Brett Shumate and Alice LaCour, who have left the Department of Justice and the Civil Division, respectively). Defendants provide no reasons, let alone "satisfactory reasons," for the substitution of counsel. Local Civ. R. 1.4. And as to the second factor, Defendants' mere "expect[ation] that withdrawal of current counsel will [not] cause any disruption" is not good enough, particularly given the circumstances of this case: Defendants' opposition to Plaintiffs' most recent motion is due in just three days, *see* 18-CV-2921, Docket No. 617; Defendants' opposition to Plaintiffs' anticipated motion for sanctions is due later this month, *see* 18-CV-2921, Docket No. 605; and, in the event that Defendants seek to add the citizenship question to the 2020 census questionnaire based upon a "new rationale," 18-CV-2921, Docket No. 613, time would plainly be of the essence in any further litigation relating to that decision, *see id.* (acknowledging the need for "expedit[ed] litigation" in that event). As this Court observed many months ago, this case has been litigated on the premise — based "in no small part" on Defendants' own "insist[ence]" — that the speedy resolution of Plaintiffs' claims is a matter of great private and public importance. *New York*, 345 F. Supp. 3d at 446; *see also, e.g.*, *New York v. U.S. Dep't of Commerce*, 351 F. Supp. 3d 502, 517,

2

626-27 (S.D.N.Y. 2019); *New York v. U.S. Dep't of Commerce*, 333 F. Supp. 3d 282, 292 (S.D.N.Y. 2018); *New York v. U.S. Dep't of Commerce*, 339 F. Supp. 3d 144, 148-49, 150-51 (S.D.N.Y. 2018). If anything, that urgency — and the need for efficient judicial proceedings — has only grown since that time.

Accordingly, Defendants' motion is DENIED — without prejudice to renewal — as to all counsel other than Mr. Shumate and Ms. LaCour, as to which the motion is GRANTED. Any new motions to withdraw shall be supported by a signed and sworn affidavit from each counsel seeking to withdraw (1) stating "satisfactory reasons" for withdrawing at this stage of the litigation and (2) in light of Plaintiffs' forthcoming motion for sanctions, *see* Docket No. 616, at 4 n.2, confirming that (a) he or she submits to the jurisdiction of this Court with respect to that motion and any future motions (or orders to show cause) regarding sanctions and (b) he or she will be available in the event that the Court requires his or her attendance at any future hearings regarding such motions or orders. In the event any new motion is filed, new counsel for Defendants shall also file an affidavit providing unequivocal assurances that the substitution of counsel will not delay further litigation of this case (or any future related case).

The Clerk of Court is directed to docket this in 18-CV-2921 and 18-CV-5025, to terminate Mr. Shumate and Ms. LaCour as counsel in both 18-CV-2921 and 18-CV-5025, and to terminate 18-CV-2921, Docket No. 618, and 18-CV-5025, Docket No. 173.[2]

SO ORDERED.

Dated: July 9, 2019
New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] Defense counsel are reminded that because 18-CV-2921 and 18-CV-5025 were consolidated for all purposes, *see* 18-CV-2921, Docket No. 322, documents should be filed only in 18-CV-2921.